[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 551 
By a careful attention to the facts in this case, which, owing to the various positions the parties occupy, are presented in a somewhat confused form, it will be seen that the only appeal before us is by the heirs of Thomas Gill, from the judgment of the Supreme Court modifying the decree of the surrogate and dismissing the appeal they attempted to take from the decree of the surrogate made in July, 1858. By that decree the executor was directed to retain one-third of the balance in his hands, and pay the interest thereof during her life, to Sarah W. Anthony, the sister of the testator, in accordance with the directions of the will, and of the remaining fund, one-third was ordered to be paid to Theophilus A. Gill, a brother of the testator, one-third to Susan W. Anthony, and one-third to the children of Thomas Gill, deceased. This decree was final as to the subject-matter embraced within it, and disposed of the whole fund except the portion retained during the life of Mrs. Anthony, and which was only subject to ultimate distribution after her death.
In this decree all parties concerned acquiesced, and all executed receipts for the shares to which, under its provisions, they were entitled. This distribution was made expressly *Page 552 
upon the theory, in which all parties concurred, that the entire estate had lapsed, except the life estate in one-third in favor of Mrs. Anthony. Even if there was a misapprehension of the law, yet, as all parties were present, and assented to the conclusion and order of the surrogate, and acted in affirmance of it, they should not be heard subsequently to question it, and especially after such a lapse of time, and after the funds had all been paid, and the executor quoad hoc had been discharged from his trust. It might, perhaps, be true, that, if an application had been, immediately after the making of this decree, made to the surrogate to open it for reconsideration, upon a supposition that the law or the facts had been misunderstood or misconceived, he would have heard and acted upon this suggestion and opened the decree for further consideration or correction. This it has been held he had power to do. (Dobke v. McClaron, 41 Barb. 491;Brick's case, 18 Abb. 36.) It is not necessary to express any opinion upon this point at this time.
But this was not attempted. All parties acquiesced in this decree of July, 1858, the executor paid the sums decreed, and the account, with the exception of the money he was directed to retain, invest and pay the income of, during Mrs. Anthony's life, was effectually closed. In June, 1864, Mrs. Anthony departed this life, and then the final accounting was had before the surrogate, and he made the decree of March 19, 1864. From this decree, in February, 1865, Theophilus Anthony, the husband of the deceased Susan W. Anthony, and who, by her will, was made the sole beneficiary of all her estate for life, brought his appeal to the Supreme Court, complaining that the surrogate had committed an error by depriving him, as the representative of his wife, of any share of the surplus remaining undistributed. Immediately upon this, and in March, 1865, the heirs of Thomas Gill brought their appeal, and then, for the first time, attempted to overhale the decree of June, 1858, and allege error in that decree, as well as in the decree of November, 1864. This appeal was entirely too late, not only for the reason that by their acts they were estopped *Page 553 
from questioning the decree, but because the statutory limitation of the right to appeal had gone by something more than seven years. The appeal, therefore, so far as it sought to bring up for review the decree of July, 1858, was properly dismissed by the Supreme Court.
Upon the appeal of Theophilus Anthony the Supreme Court corrected what they deemed to be an error in the decree of the surrogate. He directed one-half of the entire fund, after the payment of certain expenses, to be paid to Theophilus Gill, the surviving brother of the testator, and the other half to the children of Thomas Gill, the appellants here. In this the surrogate unquestionably erred. There is no intention expressed or implied in the will that the fund should be distributed to the heirs of Thomas Gill, to the exclusion of the testator's other brothers and sisters. He had in one part of his will given one-third of his estate to Thomas, his heirs and assigns, and that portion they had received under the distribution in 1858. Then, after the life estate of Mrs. Anthony should determine, he directs the payment of the rest to Thomas Gill, without any words of succession or inheritance, adding, to make the intent more certain and specific, "It being my intention by this my will, that after the said annuities shall cease to become due and payable, the said two-thirds or remainder of my estate, shall go and belong to my said brother, Thomas Gill, to the exclusion of all my other brothers and relations."
Without insisting that these children would come under the designation of "relations," and would thus be literally and explicitly excluded from participation in this residuary fund, we think the Supreme Court rightly adjudged that the testator made this bequest in the evident expectation that Thomas Gill would survive him, and intended to provide for that exigency, and that only. There is no reference in that bequest to the children of Thomas, and not only no indication that it was intended they should take what had been designated as the portion for the father, but the strongest implication that the sole beneficiary was Thomas Gill, and upon his failure to take, that portion of his estate would *Page 554 
remain undisposed of by the will. The case comes precisely within the principles and is governed by the rule recently adjudicated and applied by this court in the case of Van Buren v. Dash
(30 N.Y. 393).
The principle which should have governed the final distribution being thus settled, the Supreme Court modified the decree of the surrogate, by directing that one-third of the fund should be paid to Theophilus Anthony, the executor and trustee of Susan W. Anthony, one-third to Theophilus Gill, the surviving brother of the testator, and the balance to the children of Thomas Gill in equal shares, after first paying thereout the costs of Anthony, and of Brouwer, the executor of James Gill.
The judgment was in all respects right, and should be affirmed, with the costs of the respondents Anthony and Brouwer, on this appeal to be paid by the appellants.
All the judges concurring,
Judgment affirmed. *Page 555