## SUPREME COURT.

GEORGE W. HOWARD *et al.* agt. SAMUEL D. BARNES *et al.*

*Will — construction of — Gift of the whole residuary estate to two persons named, one of whom dies before the testator — Effect of such death.*

Where the testator gave the residue of his estate to his brother and sister, "their heirs, executors, administrators and assigns," and the brother died before the testator, leaving children, but the sister survived him:

*Held*, that the gift being of the whole residuary estate to the two persons named and not a share of it to each, the sister who survived the testator by force of the will itself took the whole property. The words "their heirs, executors and assigns" being mere words of limitation and not of purchase, do not have the effect of substituting the heirs of the brother in place of their ancestor upon his death, and do not affect the application of the rule that as the brother and sister take as a class, the survivor, in the event of the death of one of the beneficiaries in the testator's lifetime, takes the whole.

*Special Term, May*, 1882.

*A. H. Nones*, for plaintiff.

*Sackett, Lang & Reed*, for defendant.

VAN VORST, *J.* — One clause only of the last will and testament of Bethnel Howard, deceased, is presented for construction, and that is in these words: "6th. The residue and remainder of my estate, real and personal, I give and bequeath to my brother Samuel Howard and my sister Anna Talbot, their heirs, executors, administrators and assigns."

Samuel Howard, one of the persons named, died before the testator, leaving children, but Anna Talbot survived him,

and the question is now presented as to what effect the death of Samuel Howard in the testator's lifetime had upon the gift of the residuary estate?

On the one hand the children of Samuel Howard claim the interest given to their father, and on the other hand those who represent Anna Talbot, who has died since the decease of the testator, claim the entire estate. It will be observed that the gift to these persons is not a share of the residuary estate to each, but the whole is given to the two persons named with the added words "their heirs, executors, administrators and assigns."

In the case of a simple, unqualified gift of an entire fund to two or more persons, and one should die in the testator's lifetime, the rule is that the survivor or survivors take the whole fund to the exclusion of those who represent the deceased person.

To save a lapse the Revised Statutes have provided that where the legatee is a child or descendant of the testator, and dying in the testator's lifetime, shall leave a child or other descendant who survives the testator, the legacy shall not lapse, but that the property shall vest in the surviving child or other descendant of the legatee (2 *R. S.*, 66, *sec.* 52). But Samuel Howard was a brother and not a descendant of the testator (*Van Buren* v. *Dash*, 30 *N. Y.*, 393). This is not, however, in strictness a question of lapse, for by the construction which under the cases we feel justified in giving this clause of the will, Anna Talbot, who survived the testator, by force of the will itself took the whole property. As a will operates only from the death of the testator, gifts thereby intended sometimes wholly fail through the death of a beneficiary in the testator's lifetime.

Immediate gifts which take effect in possession at testator's death benefit only those who can claim an interest at the death of the testator. "Where there is a devise or bequests to a plurality of persons as joint tenants, no lapse can occur unless all the objects die in the testator's lifetime; any of them exist-

ing when the will takes effect will be entitled to the entire property " (1 *Jarman on Wills*, 341).

In the clause under consideration the gift must be regarded as made to the brother and sister of the testator jointly. " Each is a taker of the whole, but not wholly and solely."

The brother and sister take as a class, and the rule that the survivor, in the event that one of the beneficiaries should die in the testator's lifetime, takes the whole, applies (*Gardner* agt. *Printup*, 2 *Barb.*, 83 ; *Magaw* agt. *Field*, 48 *N. Y.*, 668; *and see Hoppock* agt. *Sucker*, 59 *N. Y.*, 202; *Downing* agt. *Marshall*, 23 *N. Y.*, 373).

But it is urged on the behalf of the descendants of Samuel Howard that effect should be given to the words " their heirs, executors and assigns," and that by force of those words, upon the death of their ancestor, they were substituted in his place and took the share intended for him. But it has been repeatedly decided that these are mere words of limitation and not of purchase (*Van Beuren* agt. *Dash, supra ; Thurber* agt. *Chambers*, 66 *N. Y.*, 42; *Gill* agt. *Brower*, 37 *N. Y.*, 549 ; *Jarman on Wills* [*vol.* 1], 338).

From a careful examination of the whole will, I can discover nothing from which it can be inferred that the testator had any designs with respect to the ultimate disposition and enjoyment of his residuary estate, other than that which the words of the clause in question, according to their accustomed legal interpretation, suggest. He has used no words of severance in the gift, and has indicated no intention on his part that the descendants of either brother or sister, dying in his lifetime, should be substituted in the place of the one so dying. Had that been intended, it could have been readily accomplished. And whilst the court can construe, it cannot make a will, nor can it, under the guise of interpretation, dispose of the property otherwise than as the testator intended, unless the disposition made transgresses the law.

The presumption, therefore, is that the testator intended that if his brother or sister should die in his lifetime, that the

survivor should take the entire gift. The brother and sister were nearer to him than their possible descendants, and would be naturally preferred in the disposition he might make. And, besides, some of the children of Samuel Howard received specific gifts from the testator under the will, and it is highly probable that whatever benefit he intended that they should receive personally from his estate he had himself, with care, provided.

The result, therefore reached, is that those claiming through Anna Talbot take the entire residuary estate. A question has been presented with respect to the second clause of the will in these words: " I give to my niece Helen Howard, in consideration of services rendered, the sum of two thousand dollars. Helen Howard died in the testator's lifetime, and the point raised is whether the bequest, made " in consideration of services," lapsed.

There is no real occasion to pass upon that question here. It is one arising in the administration of the estate, and to be adjusted in the surrogate's court, preliminary to a distribution. There it can be determined in an appropriate way as to whether the claimed indebtedness had been paid in the testator's lifetime, or was outstanding at his death. In no event can it be decided here, as the proper parties to be affected by the determination are not before the court.