## DETERMINED IN THE

# FIRST DEPARTMENT,

## AT

# GENERAL TERM,

## October, 1884.

---

WRIGHT ROBINS, Appellant, v. JOHN S. McCLURE, in Person and as Executor, etc., of CAROLINE McCLURE, Deceased, Respondent.

*Husband and wife — right of the husband to lapsed legacies given by the will of his wife, of which he is the executor.*

The defendant's wife died in November, 1882, leaving a will upon which letters testamentary were subsequently issued to the defendant. Her heirs-at-law were a sister and nephews and nieces. She devised to her husband the only piece of real estate she owned, and her household furniture and effects, together with one-half of all the remainder of her estate. The other half of the remainder of her estate she gave and bequeathed to her brother Wright Robins and to her sister, to be equally divided between them. The brother Wright Robins, died during the lifetime of the testatrix.

*Held,* that his legacy lapsed and that the husband was entitled to receive and hold it, by virtue of his common-law rights, to the exclusion of the next of kin of the testatrix:

That his right so to do was not affected by the fact that letters testamentary had been issued to him upon her will, or that he took certain property under its provisions.

*Fry* v. *Smith* (10 Abb. N C., 224) followed.

Nor was it affected by the repeal, by chapter 782 of 1867, of section 30 of 2 Revised Statutes, 75, which provided that if letters of administration should be granted on the estate of a married woman to any other person than her husband, such administrator should account for and pay over the assets remaining in his hands, after the payment of debts, to such husband or his personal representatives; the effect of the repeal was merely to leave the common law in force.

APPEAL from a judgment, entered upon the trial of this action at a Special Term.

*Edward C. James*, for the appellant.

*J. W. Peckett*, for the respondent.

DAVIS, P. J.:

The learned justice at Special Term before whom this action was tried pronounced an opinion in the correctness of which, after careful examination of the case, we feel bound to concur. The opinion contains a complete statement of the facts of the case, with an accurate recital of the questions involved, and an elaborate and careful discussion both upon principle and authority of the law controlling the case. Since our examination on this appeal has led us to the same conclusion, we think we can do no better than adopt the opinion of the Special Term as our own.

LAWRENCE, J.:

Caroline McClure died in the month of November, 1882, having made her last will and testament, which was thereafter proved in the Surrogate's Court, of this county, as a will of real and personal estate, and letters testamentary thereon were issued by the surrogate to John McClure, her husband, one of the executors named in said will, who duly qualified and entered upon his duties as such executor. The testatrix left no descendant or ancestor surviving her. She left but one piece of real estate, being the house known as number 360 West Thirty-third street, in this city, which she devised to her husband. By her will the testatrix gave to her husband all the household furniture and effects contained in said house, and also devised and bequeathed to him the one-half part of all the remainder of her estate both real and personal, absolutely.

The controversy involved in this suit arises under the fifth clause of the will of said Caroline McClure, which is as follows:

"I give and bequeath the remainder of my estate, both real and personal, to my brother, Wright Robins, and to my sister, Mrs. Elizabeth Carter, to be equally divided between them, to have and to hold unto them, their heirs and assigns forever."

Elizabeth Carter survived her sister, but the brother, Wright

Robins, named in said will, died before her. The plaintiff in this action is a nephew of the testatrix. She also left certain nephews and one grand niece, the heirs-at-law of her five deceased brothers, Isaac Robins, Amos Robins, Nathan Robins, Wright Robins and George W. Robins. It is alleged in the complaint that John S. McClure, the husband of the said testatrix, has taken possession of all the estate of said testatrix, both real and personal, and claims to hold the same in his own right, adversely to the said heirs-at-law and next of kin, not only those parts of said estate which are devised and bequeathed to him by said will, but also all that portion of the remainder of said estate which was devised and bequeathed by said will to Wright Robins, the deceased brother of said testatrix.

The plaintiff claims that by reason of the death of said Wright Robins, in the lifetime of said testatrix, the provisions made in said will in his favor lapsed, and that upon the death of said testatrix her heirs-at-law became and are seized of the real estate devised to said Wright Robins as tenants in common in fee simple, and that her next of kin, to wit, the parties hereinbefore mentioned, became and are entitled to the personal estate bequeathed to said Wright Robins, and are entitled to a distribution of the same among them, under the statute of distributions, and that the defendant holds the same in trust for them as such executor as aforesaid.

It also alleged that the plaintiff brings this action not only in his own behalf, but for the benefit of all such heirs-at-law and next of kin who may come in and contribute to the expenses thereof.

The defendant in his answer admits that he has taken possession of all the estate of said testatrix, both real and personal, but denies that he claims to hold the same in his own right, and denies that he holds adversely to the said heirs-at-law and next of kin, not only those parts of said estate which are devised and bequeathed to him by said will, but also of that portion of the remainder of said estate which was devised and bequeathed to Wright Robins, the deceased brother of said testatrix, but alleges that he holds said estate as executor under said will to carry into effect the provisions of said will, and as legatee and heir-at-law of his wife, the said testatrix.

He also alleges that under the provisions of the will he is the owner absolutely in fee simple of the house and lot No. 360 West Thirty-third street, in the city of New York, and that as the testa-

trix left no descendants the portion or share devised to the said Wright Robins, deceased, belongs absolutely to, and is the property of, this defendant as the husband of said testatrix.

On the trial it appeared that the provision of the will devising the dwelling-house was interlined before its execution at the request and by the direction of the testatrix; and as that was the only real estate belonging to the testatrix no question arises as to the said real estate.

The plaintiff contends that the portion of the estate of Caroline McClure which was bequeathed to Wright Robins having lapsed, the husband cannot avail himself of the provisions of the will, which are in his favor, and yet claim to be entitled as the husband to that portion of the estate which would have gone to Wright Robins in case he had survived his sister, and that therefore her heirs-at-law or next of kin are entitled to the same.

It was held by the Court of Appeals, in the case of *Barnes* v. *Underwood* (47 N. Y., 351), that the common-law right of a husband to administration, and through administration to acquire title to the personal property of his deceased wife not reduced to possession during coverture, subject only to the payment of her debts, was preserved by the Revised Statutes, and has not been affected by the statutes of 1848 and 1849 in relation to married women. That those statutes give the wife control of her separate estate, with power of testamentary disposition during her life, but that if she dies intestate the rights of her husband as her successor are not affected, and that he is not prevented from the administration and consequent enjoyment of the property. It was also held that the amendment to the seventy-ninth section of the statute of distributions, in 1867, did not affect the right of the husband to administration and enjoyment of the deceased wife's personal estate, except in the case therein specified, to wit, of her dying leaving descendants.

In this case the wife, as we have seen, left no descendants. The parties claimed to be her heirs-at-law and next of kin, being her sister Elizabeth Carter named in said will, and the descendants of her deceased brothers.

The precise question presented in this case did not arise in the case of *Barnes* v. *Underwood*, because there the wife died intestate

and her husband was appointed as her administrator, but the reasoning of the court in that case goes far to sustain the position taken by the defendant in this case. But in *Fry* v. *Smith* (10 Abb. N. C., 224) Mr. Justice VAN VORST had under consideration a case which was exactly similar to the case at bar. In that case Mrs. Godon, after making some inconsiderable bequests by her will, directed that "all the remainder of my estate, real and personal, I give, devise and bequeath to my husband Sylvanus William Godon, and at his death to go to my son Frederick William Godon, and to his natural heirs." She died possessed of personal property, and before her death her son Frederick William died without issue and unmarried. The testatrix left her surviving her husband and no issue, and the learned justice held that the common-law right of the husband to take the entire personal estate of the wife dying intestate and without descendants extended to the partial intestacy created by the lapse of the legacy to the son, although the husband had taken letters testamentary under the will, but had never taken out letters of administration upon the wife's estate. I cannot add anything to the elaborate opinion of the learned justice, and concurring, as I do, in the views which he therein expressed, I shall hold that the husband in this case is entitled to that portion of his wife's estate bequeathed by her will to her brother Wright Robins, such bequest having lapsed by his death, before the death of the testatrix. On the argument the learned counsel for the plaintiff referred me to the case of *Kearney* v. *Missionary Society of St. Paul the Apostle* (reported in 10 Abb. N. C., 274), which was also decided by Mr. Justice VAN VORST, and claimed that the decision in the latter case was antagonistic to the decision in *Fry* v. *Smith*.

The learned justice refers to that case, in his opinion in the case of *Fry* v. *Smith*, and states as follows: "That case differs essentially from the present one in its facts. I do not think that it upholds the plaintiff's propositions; but if it announces doctrines in opposition to the conclusions reached in this case, to that extent it cannot be followed."

This is a clear indication that the learned justice did not consider the case of *Kearney* v. *Missionary Society* as conflicting with his decision in the case of *Fry* v. *Smith*. In this view I also concur, but if there were any doubt upon this point, deeming as I do

that the decision in *Fry* v. *Smith* is a correct exposition of the law upon this subject, I should feel bound to follow the latter case.

For these reasons I am of the opinion that the defendant is entitled to a judgment declaring that the title and ownership of the property bequeathed to Wright Robins, deceased, by the will of Caroline McClure, belongs to the defendant as the husband of said testatrix, that the house and lot No. 360 West Thirty-third street, belongs absolutely in fee simple to the defendant, and that after paying the other legacies named in the will, all the rest, residue and remainder of the testatrix's estate, belongs to the defendant."

To this opinion we add only a few suggestions. The testatrix, in respect to the lapsed legacy, died intestate. It appears that she devised all her real estate to her husband so that her residuary estate, of which the lapsed legacy was part, was wholly personal property; and being, by the lapsing of the legacy by reason of the death of Wright Robins the legatee prior to the death of the testatrix, wholly undisposed of by the will, it passed as in a case of entire intestacy. (*Gill* v. *Brouwer*, 37 N. Y., 549; *Lefevre* v. *Lefevre*, 59 id., 434; *Kerr* v. *Dougherty*, 79 id., 327.)

The acts of 1848 and 1849 familiarly known as the Married Women's Acts have not changed the common law in respect to the title of a husband to the personal property and choses in action of the wife who dies without making any disposition thereof by gift or bequest, and without leaving either ancestor or descendant. He is entitled, in such a case, to reduce the same to possession after her demise as well by virtue of his marital rights as by right of administration in cases of intestacy. (*Ransom* v. *Nichols*, 22 N. Y., 110; *Ryder* v. *Hulse*, 24 id., 372; *Barnes* v. *Underwood*, 47 id., 351; *Gilman* v. *McArdle*, 12 Abb. N. C., 414.)

It is not, therefore, necessary that there shall be actual administration to consummate title in the surviving husband; though where such administration exists he may establish his title by virtue of his administrative rights. (*Barnes* v. *Underwood*, 47 N. Y., 351.)

A very able and ingenious argument is made by the learned counsel for the appellant, seeking to establish that this case being one of testacy, in which the property of the testatrix including that

embraced in the lapsed legacy, came into the hands of the defendant as the executor of the will of his deceased wife, there could be acquired by him no right therein as the administrator of his deceased wife; and therefore he has taken the property as trustee for her next of kin who are entitled to receive it under our statute of distributions. This argument necessarily ignores the common law marital rights of the husband, formerly declared by statute. (2 R. S., 75, § 30.) The statute was repealed by chapter 782 of the Laws of 1867. The effect of that repeal was merely to leave the common law *in proprie vigore*, except so far as it might be affected by other statutes. Our attention is not called to any other statute affecting the question, and we think it does not follow of necessity that the repeal of the statute last above referred to, operates to deprive a surviving husband of all ownership or right in his deceased wife's personal property in all cases where he cannot take out letters of administration. The question is an interesting one and not wholly free from doubt, and though we think it our duty to affirm the judgment under all the circumstances, it should be without costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, without costs.