(10 App. Div. 100.)

## In re SPAULDING'S ESTATE.

## In re GARTH et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

TRUSTEES—COMMISSIONS IN TWO CAPACITIES.

Trustees are entitled to commissions in addition to those received as executors, where the will naming them as executors also appointed them trustees of certain funds which they had to separate from the estate, and use according to the terms of the trust.

Appeal from surrogate's court, New York county.

.Judicial settlement of the accounts of Horace E. Garth and others, as sole surviving trustees under the will of Henry F. Spaulding, deceased. From a decree settling the accounts Thomas H. Spaulding, a legatee, appeals. Affirmed.

The first clause of the will of Henry F. Spaulding appoints his executors. The second, third, fourth, and fifth give certain legacies to specified individuals. The sixth clause gives, devises, and bequeaths to his executors all the rest, residue, and remainder of his estate, both real and personal, in trust to pay his wife, Kate B. Spaulding, the sum of $10,000 annually during her life. The principal sum used to produce this income is given to his children, Thomas Hunt Spaulding and Margaret Thompson Schley, upon the death of his wife, and that portion of his residuary estate not necessary for such purpose is given to said children at his death.

The opinion of Surrogate FITZGERALD is as follows:

Estate of Henry F. Spaulding. The accountants previously accounted as executors, and in the decree settling their accounts they were awarded commissions for receiving and paying out the funds respecting which they are now accounting as trustees, and as to the reception and disbursement of which they claim additional commissions. This claim is contested, and to sustain the claim it must appear that the testator conferred upon his executors the function of trustees as well as those of executors, and contemplated such a separation of these functions as under the law would entitle the accountants to double commissions or compensation in both of their capacities of executors and trustees. By his will the testator directed the payment of his debts, funeral and testamentary expenses, certain general and specific legacies, and gave to his widow the use during life of the residence, which was leasehold property. The residue of his estate he devised and bequeathed to his executors in trust, to set apart and invest a sum sufficient to produce a clear net annual income of $10,000, and to pay such income semiannually or quarterly to his widow during her life; and to set apart and invest an additional sufficient sum, and to pay from the income thereof the ground rent and other specified charges affecting the leasehold given for her use. After providing the funds mentioned, the executors were directed to divide the rest of his residuary estate among his two children, with disposition over to their issue in the event of their predeceasing his widow. Upon her death the funds mentioned were to be similarly disposed of. The will appointed three executors, who were empowered to sell the property not specifically bequeathed, and retain for "any of the trusts created by the will" certain specified securities, if owned by the testator at the time of his death. By a codicil a fourth executor was appointed "to become one of the executors of and trustees" under the will, and the appointment of the others "as executors and trustees" was ratified and confirmed.

The decree above referred to, and which was entered upon the previous accounting, which purported to be exclusively that of executors, ordered the distribution among the children of the testator of the residuary estate not necessary for providing the funds for the benefit of the widow and for supplying an annuity bequeathed for another purpose. To produce this annuity, the executors were directed to retain a sufficient sum for the purpose. With reference to the funds for the benefit of the widow, the decree adjudged and directed that "the executors

transfer and deliver to themselves, as trustees under the will," certain specified securities, "in trust" for the purpose of meeting the charges affecting the leasehold property, and the remainder of the estate in their hands in trust to supply the annuity. The foregoing statement seems to me to make out a clear case for the allowance of the commissions in dispute. The direction to the executors, who in one of the codicils are appointed trustees, and to whom was given the residuary estate, to separate from the body of the same the funds to yield the income to pay the annuity to the widow, and the charges affecting the leasehold, and the provisions for the appropriation for "the trusts created by the will" of the securities designated, are a clear manifestation of the intention of the testator to constitute separate and distinct trusts as to the funds specified to be held and managed by the accountants solely in their character and capacity of trustees. The severance from the rest of the estate of the funds necessary for the trusts, and of the relation of the executors to such funds, and the consequent assumption of the possession and administration thereof by the trustees, were obviously intended to take place upon the ascertainment of the adequacy of the residuary estate to supply the same, and their separation from such estate. Such separation was, in fact, made in pursuance of the decree which was made upon the executors' accounting, and which determined the amount of the residuary estate and directed its disposition. That decree recognized, and, in effect, determined, the intention of the testator to be such as I have previously indicated. It terminated the connection of the executors with the funds in question, and directed their distribution and transfer to the trustees, to be held and managed by them as such. Under these circumstances the right of the accountants to commissions as trustees is undoubted. In re Mason, 98 N. Y. 534; In re Jackson, 32 Hun, 200; In re Willets, 112 N. Y. 296, 19 N. E. 090; Laytin v. Davidson, 95 N. Y. 263; Johnson v. Lawrence, Id. 154, 165; Wildey v. Robinson, 85 Hun, 362, 32 N. Y. Supp. 1018; Hulburt v. Durant, 88 N. Y. 121.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William J. Moran, for appellant.

John Notman, for accounting trustees, respondents.

David McClure, for executors of Kate B. Spaulding, respondents.

BARRETT, J. We concur in the main conclusion arrived at by the learned surrogate. The duties imposed upon the executors by the sixth clause of Mr. Spaulding's will were not executorial. They were distinctively trust duties. The executorial duties ended when the directions contained in the first five clauses of the will were fully executed. Thereupon the rest, residue, and remainder of the estate came into being. Upon that rest, residue, and remainder the trust then for the first time operated. It did not operate during the period of executorial duty, for the fulfillment of that duty was requisite to the ascertainment of the residue. This is not affected by the fact that the income from the trust fund was payable from the date of the testator's death. The creation of the trust was one thing. The period over which its operation and execution should extend was quite another.

It is also contended that the trust duty might have been imposed upon the executorial office,—might, in fact, have been declared to be an executorial duty. The answer is that the testator has not so provided, that he has created a distinct trust, that he has specified the executorial duty, and that he has devised the residue, after the fulfillment of that duty, upon this distinct trust. Nor is the question affected by the permission given to retain the original securities

which came into the hands of the executors. That was a mere matter of detail. When the executorial duty was completed without their use, they became a part of the residuary estate. They then became a part of the trust estate. The turning over of these securities from the one account to the other may have been, as matter of fact, a mere formality. But the right to commissions under the statute depends upon fixed rules, not upon the extent of the trustee's labor. These rules are not affected by such illustrative incidents as the appellant suggests.

We may add that the creation of the trust estate was not only effected by the terms of the will, but was judicially recognized by the surrogate's decree of 1894. This decree, acting upon the avowedly separate functions of the executors and trustees, directs the executors to transfer to themselves, as trustees, the corpus of the trust estate, namely, the residue found in their hands upon the executorial accounting. This was an express adjudication, in a proceeding to which the appellant was a party.

The question as to Mrs. Spaulding's right to a share of the commissions need not be specially considered, as the appellant was not prejudiced by its allowance to her executors. Mrs. Spaulding's co-trustees have not complained. If the surrogate has allowed her representatives a share of these commissions to which her co-trustees were entitled, they alone can complain. The appellant is not harmed so long as but three full commissions in all have been allowed.

The decree of the surrogate should be affirmed, with costs.

RUMSEY, O'BRIEN, and INGRAHAM, JJ., concur. VAN BRUNT, P. J., not voting.