## In re ELTING.

## In re CURTISS' WILL.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. TESTAMENTARY TRUSTEE—DEVASTAVIT—FINAL ACCOUNTING—RES JUDICATA.

Under Code Civ. Proc. § 2813, providing that a decree on a judicial settlement of the account of a testamentary trustee has the same force as a judgment of the Supreme Court, as against the parties duly cited or appearing, etc., parties to the final accounting of a testamentary trustee are concluded by the decree approving the account, so that they cannot afterwards charge the trustee with a devastavit, in failing to recover from life beneficiaries real estate dividends paid out as income, but which were afterwards determined to constitute the principal of the estate, such payments having been included in the account; and section 2481, empowering a surrogate to open, vacate, or modify, etc., a decree of his court, is inapplicable.

2. SAME—REMAINDERMAN IN ESSE.

A remainderman, though not in esse at the time of the decree, was nevertheless similarly concluded thereby.

3. SAME—DIVISION OF TRUST ESTATE.

The division of a testamentary trust estate into five separate trusts, disclosed in an accounting by the trustee, and passed upon and approved by the surrogate over objection, becomes res judicata.

4. SAME—REFUSAL TO ACCEPT REFUND.

Where dividends were paid by a testamentary trustee to life beneficiaries as income, though subsequently determined to constitute principal of the estate, and such payments were approved by decrees settling the trustee's final accounts, he is not liable for refusing a refund tendered on condition that he sign a receipt reciting that the dividends were erroneously paid as income.

Appeal from Surrogate's Court, Westchester County.

In the matter of the judicial settlement of the account of Peter J. Elting as trustee under the last will and testament of Abijah Curtiss, deceased. From a decree of the surrogate refusing to charge the trustee with a devastavit (68 N. Y. Supp. 1118), certain beneficiaries appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James M. Hunt, for appellants.
Ralph E. Prime, for respondent.

JENKS, J. I think that the trustee is not chargeable with a devastavit as to the real estate dividends received from the Sixth Avenue Railroad Company. The testator died in 1888, and his original executors and trustees were succeeded by this trustee in 1896. These real estate dividends had been received by him and by his predecessors at various times throughout a number of years, had been classified by them as income, and had been paid by them to the life beneficiaries. But upon the trustee's accounting, in 1901, the surrogate determined that the dividends must be credited to principal, and this was the disposition made of the dividends thereafter received. After that accounting, one of the life beneficiaries offered a check to the trustee to refund the dividends theretofore paid to her as income, with a state-

ment of her reasons therefor, and demanded that the trustee should "take such proceedings as may be necessary to recover for the estate the dividends erroneously paid to the other life beneficiaries," giving notice that she and her heirs "would hold him personally responsible for any failure of recovery." The demand specified the payments complained of as made for a period intervening September 30, 1892, and July 2, 1900. The trustee, who had refused the check, did not heed the demand, and has made no effort to comply with it. But in 1898, and again in 1900, the trustee had judicial settlements of his accounts, which are regarded as "final." Glover v. Holley, 2 Bradf. Sur. 291; Jessup's Surrogate's Practice (2d Ed.) vol. 2, p. 1417 et seq. He sets out therein all the moneys "received from all sources, including all real estate dividends on the Sixth Avenue Railroad stock, and all payments, including payments to the legatees and beneficiaries of the trust of the moneys received from the real estate dividends on the Sixth Avenue Railroad stock"; and the answer of the parties cited contained certain objections. In each instance the decree "finally and judicially settled and allowed such accounts so presented, and all payments credited therein, as credited, and approved the same, including the payments stated therein during the same period as made of said real estate dividends to the legatees and beneficiaries, being all thereof that were received."

Thus it appears that this claim of devastavit is based upon the refusal of the trustee to take proceedings to recover certain payments made on account of income, which payments were embraced in certain of his prior formal accountings, and were stated therein as distributed to the life beneficiaries, and that such payments, as so made, had been approved by judicial decrees which are in full vigor. But the parties to these accountings are concluded by the decrees. Section 2813, Code Civ. Proc. The case is, in principle, similar to Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067. In that case the court, per Peckham, J., say:

"The part payments made by the trustees upon the several past accountings made by them must remain unaffected by our decision herein. Those accountings have been approved by the surrogate, and must be regarded as conclusive upon all past transactions and payments covered by them. They form no bar, however, to the proper decision of the question now presented as to the distribution of the property now in the hands of the trustee."

See, too, Gill v. Brouwer, 37 N. Y. 549; Matter of Denton, 103 N. Y. 607, 9 N. E. 490; Matter of Hoyt, 160 N. Y. 607, 618, 55 N. E. 282, 48 L. R. A. 126; Altman v. Hofeller, 152 N. Y. 498, 502, et seq., 46 N. E. 961. In Matter of Underhill, 117 N. Y. 471, 477, 22 N. E. 1120, semble, that the amount of the estate is enhanced by any payment disallowed by the surrogate, and that, when the legatee is a party to the accounting, the fact of overpayment is conclusive in any further litigation between the executor and legatee where it could come in question. I think that the converse of this proposition is equally true. In Wright v. Trustees, 1 Hoff. Ch. 202, 214, it is held:

"The decree of the surrogate is absolute and final. The remedy was an appeal to the chancellor. It has become pleadable in every court as the final sentence and judgment of a competent tribunal on every matter which it pro-

fesses to decide, and which is within the jurisdiction of that forum. To suppose that the sixty-fifth section of the statute (2 Rev. St. [1st Ed.] p. 94, pt. 2, c. 6, tit. 3) is confined to the mere fact that the payments have been made, dispensing only with the preservation of vouchers, seems to me inconsistent with the object of the statute, and destructive of its utility. The clause in question is 'that the final settlement of the executor's accounts made in the mode prescribed shall be conclusive evidence of the following facts, and no others: (1) That the charges made in such account for moneys paid to creditors, legatees, next of kin, and for necessary expenses are correct.' This phrase cannot mean less than this—that the validity of a debt and the right of a legatee is as much pronounced correct, as the fact of his reception of the money."

All of the parties now before the court were cited on these prior accountings, save the infant Abigail Johnson. As to such parties the decrees are conclusive. Authorities supra; Matter of Tilden, 98 N. Y. 434, 441. And Abigail, too, who was not then in esse, but is now a remainderman, is likewise concluded. Rhodes v. Caswell, 41 App. Div. 229, 58 N. Y. Supp. 470, citing authorities.

The trustee, then, has the protection of adjudications that determine that the payments in question were properly made to the life beneficiaries. If, in effect, he avail himself of the force and conclusiveness of these adjudications, and refuse to act upon the demand of one of the parties bound thereby, can it be said that he is guilty of a devastavit? I think not. I think that he is entitled to interpose those judicial settlements to any assertion upon this accounting of his negligence, based upon his inaction. See Mutual Life Ins. Co. v. Schwaner, 36 Hun, 373, affirmed in 101 N. Y. 681. It is not a question upon this appeal whether the adjudications were correct or otherwise, for, in any event, they are none the less binding so long as they stand unreversed and unimpeached. Buffalo & State Line R. R. Co. v. Board of Supervisors of Erie County, 48 N. Y. 93, 98. If, notwithstanding the statute and the decisions explicitly stating the conclusiveness of such decrees, the trustee could be held guilty of a devastavit, despite his invocation of the decrees, such a determination would be destructive both of the statute and of the precedents. The learned counsel for the appellants says that they do not seek to set aside any decision made by the surrogate upon any previous accounting, but ask only that the principal of the estate, which has been depleted by erroneous payments under a mistake of fact, be returned. But does not this beg the question? In the face of these adjudications, can it be said that the payments are erroneous, in the sense that the trustee is guilty of a devastavit in not seeking a recovery thereof? I do not see that subdivision 6 of section 2481 of the Code of Civil Procedure is applicable, inasmuch as this is not an application to open, vacate, modify, or set aside the decrees which are the shield of the trustee. Indeed, as I have said, the learned counsel expressly states that "these appellants did not seek before the surrogate, and do not seek now, to set aside any decision made by the surrogate upon any previous accounting."

The division of the estate into five separate trusts was embraced in the previous accounting. This was objected to and passed upon by the surrogate, and I think that the matter is now res adjudicata. Authorities supra; Matter of Garth, 10 App. Div. 100, 41 N. Y. Supp.

1022; Kager v. Brenneman, 47 App. Div. 63, 62 N. Y. Supp. 339; Matter of Willets, 112 N. Y. 289, 665, 19 N. E. 690.

The trustee did not unqualifiedly refuse to accept the check of refund tendered to him. It was tendered with a proposed receipt reading, in part:

"Being the amount of the real estate dividends from the stock of the Sixth, Avenue Railroad Company, held by the estate of Abijah Curtiss, erroneously paid to her as income, as decided by the surrogate in his decision of January 15, 1901, in the above-entitled matter."

The trustee refused acceptance on the express ground that he could not sign the receipt, and could not accept the check under the terms of the receipt, for the reason that the decree of the surrogate had confirmed these payments. I think that the trustee was justified in such refusal. Noyes v. Wyckoff, 114 N. Y. 204, 207, 21 N. E. 158. The decree of the surrogate should be affirmed.

Decree affirmed, with costs payable out of the estate. All concur.