## In re HOAGLAND'S ESTATE.

(Surrogate's Court, New York County. February 13, 1913.)

1. TRUSTS (§ 272*)—CAPITAL AND INCOME—ISSUANCE OF STOCK IN CORPORATION.

   As to what corporate dividends are capital and what are income, as between life tenants and remaindermen, depends on the facts; but if in fact the distribution represents surplus earnings, they are dividends, whatever they may be called. But increment of capital values is not earnings as to the life tenant.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 383–385; Dec. Dig. § 272.*]

2. TRUSTS (§ 325*)—ACCOUNTING BY TRUSTEE—EVIDENCE—BURDEN OF PROOF.

   In proceedings on reference in an accounting by a trustee, a resolution of a corporation inferentially stating that new stock issued by it represented an increment of capital, and not earnings, was sufficient, in absence of other evidence, to put the burden of proof on objectors, claiming the contrary.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 483–485; Dec. Dig. § 325.*]

3. TRUSTS (§ 331*)—ACCOUNTING BY TRUSTEE—AUTHORITY OF REFEREE.

   A referee, on accounting by a trustee, had no authority to disturb decrees of the surrogate on former accountings.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 494; Dec. Dig. § 331.*]

Proceedings on exceptions to the report of referee in an accounting by the trustee in the matter of the estate of Hudson Hoagland. See, also, 154 App. Div. 887, 138 N. Y. Supp. 1121.

J. Hampden Dougherty, of New York City, for trustees.
James Gillin, of New York City, for Laura Hoagland.
Michael J. Egan, of New York City, special guardian.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William H. Hamilton, of New York City, for Anna C. Tucker and others.

Thomas S. Ormiston, of New York City, for Mary F. Rose.

Henry W. Baird, of New York City, for Charles F. Hoagland.

Charles F. Darlington, of New York City, for Frank Belknap and others.

FOWLER, S. [1] There is now no ambiguity or doubt about the law of the state concerning what corporate dividends are capital and what are income as between life tenants and remaindermen. McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230; Lowry v. Farmers' Loan & Trust Co., 172 N. Y. 137, 64 N. E. 796; Robertson v. De Brulatour, 111 App. Div. 882, 98 N. Y. Supp. 15, affirmed 188 N. Y. 301, 80 N. E. 938. The determination depends in each instance on matter of fact, or on the evidence, in other words. If in point of fact corporate distributions represent surplus earnings, they are dividends, and not capital, whatever called. But increment of capital values is not earnings as to life tenants.

[2] On the evidence, or rather for the want of evidence, before the learned referee whose report is now before me on exceptions thereto, the surrogate is of the opinion that such referee should have overruled the objections to the trustee's account in respect of the Pullman stock distribution of 1910. The only evidence discoverable on this point in the record is the resolution of the stockholders of the Pullman Company, dated March 21, 1910. If the new stock referred to in such resolution represented an increment of capital, and not earnings, as inferentially stated in such resolution, the trustees were prima facie justified in treating such new stock as capital. While courts sometimes infer from slight evidence that a stock dividend is income, rather than capital, they cannot so infer in the face of evidence to the contrary. The resolution in question was some evidence to the contrary. It was sufficient, in any event, to put the objectors to their proofs. But no such proofs were adduced. There is much colloquy of counsel in the record, but nothing susceptible of being regarded as evidence by the law of evidence. Exceptions 1, 2, 3, 4, and 5 to the referee's report are sustained.

[3] The learned referee, as I conceive, had no authority on this accounting to disturb the decrees made by this court on former accountings. Matter of Elting, 93 App. Div. 516, 519, 87 N. Y. Supp. 833. Therefore exceptions 6, 7, 8, and 9 to the referee's report are also sustained.

Proceed accordingly.