PAUL A. SABBATON, JR., by JOHN P. TAYLOR, his Guardian ad Litem, Appellant, *v.* MARY A. SABBATON and FREDERIC A. SABBATON (Sued as FRED A. SABBATON), Personally and as Executors and Testamentary Trustees under the Will of FREDERIC A. SABBATON, Deceased, Respondents, Impleaded with Others.

*Will — trust for a father until a person named in the will arrives at thirty-five, in case of the father's prior death the property to go to his issue — if the father dies before thirty-five, an absolute estate passes to his issue.*

A testator by his will bequeathed and devised his residuary personal estate and all of his real estate to his executors upon the following trusts: " To hold one-third of my said personal estate and pay over the income thereof to my said wife during her lifetime, and after her death to divide the income of said one-third, and eventually the said one-third between my two sons in the same manner as hereinafter provided concerning the remaining two-thirds.

" As to the remaining two-thirds of my personal estate, after the payment of the legacies above provided for, and also as to all my real estate, subject as aforesaid to the dower right of my wife, I direct my said executors and executrix to hold one-half thereof as a fund for the benefit of each of my said sons respectively, to collect the rents, income, interest and profits of each said share, and to pay to or for the benefit of each said son the net income of his said share as it accrues until the younger of my said sons shall have arrived at the age of thirty-five years (or until the later distribution of my estate), at which

time, with the consent of all my said executors or the survivor of them and not otherwise, they shall pay over and assign to each of my said sons respectively his said share of my estate. But the trusts provided in this will shall in any event terminate not later than upon the death of two of the three beneficiaries named herein.

"*Third.* In case of the death of either or both of my said sons, leaving issue, before the distribution of my estate as aforesaid, I direct that the share of either or each one so dying, both income and principal, be paid and distributed equally to and among his said issue.

"In case of the death of either one of my said sons without issue surviving; before the distribution of my estate, I direct that the share of the one so dying be held in trust for and paid over to the surviving son in the same manner as hereinbefore provided.

"And in case of the death of both my said sons without issue surviving, before my said wife, and before the distribution of my estate as aforesaid, I give, devise and bequeath all my property, both real and personal, to my wife."

The testator was survived by his widow and his two sons. The elder son married shortly before the testator's death, and died before reaching the age of twenty-five, leaving a widow and an infant son, born after the testator's death. The testator's other son never married.

In an action for partition, brought by such infant son during the lifetime of the testator's widow and that of the testator's surviving son and before the latter had reached the age of thirty five years, it was

*Held*, that, on the death of the plaintiff's father, the trust created for his benefit terminated, and the trust property vested absolutely in the plaintiff, freed from the trust.

Appeal by the plaintiff, Paul A. Sabbaton, Jr., by John P. Taylor, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendants Sabbaton, entered in the office of the clerk of the county of Rensselaer on the 26th day of February, 1902, upon the decision of the court, rendered after a trial before the court without a jury at the Rensselaer Trial Term, dismissing the complaint.

The action is brought for partition. The plaintiff claims under the will of Frederic A. Sabbaton. The defendants deny that the plaintiff has any title under said will, and claim they hold the estate as trustees thereunder.

Frederic A. Sabbaton died at Troy, where he resided, upon the 14th of April, 1894, seized of the real estate which is the subject of the action. He left a last will and testament which was executed in 1892. The following is the will set forth in full:

"I, Frederic A. Sabbaton, of the city of Troy, County of Rens-selaer and State of New York, do make and publish this my last will and testament in manner following:

"*First.* I give and bequeath to my wife, Mary A. Sabbaton, all my household furniture.

"*Second.* All the remainder of my personal estate, and all my real estate, subject, however, to the dower right of my said wife, I give, devise and bequeath to my executrix and executors herein-after named, in trust, however, to take possession of and hold the same, and receive the rents, issues, income and profits thereof, and distribute the same, in the several shares and proportions and for the respective periods as follows:

"To hold one-third of my said personal estate and pay over the income thereof to my said wife during her lifetime, and after her death to divide the income of said one-third, and eventually the said one-third between my two sons in the same manner as hereinafter provided concerning the remaining two-thirds.

"As to the remaining two-thirds of my personal estate, after the payment of the legacies above provided for, and also as to all my real estate, subject as aforesaid to the dower right of my wife, I direct my said executors and executrix to hold one-half thereof as a fund for the benefit of each of my said sons respectively, to collect the rents, income, interest and profits of each said share, and to pay to or for the benefit of each said son the net income of his said share as it accrues until the younger of my said sons shall have arrived at the age of thirty-five years (or until the later distribution of my estate), at which time, with the consent of all my said executors or the sur-vivor of them and not otherwise, they shall pay over and assign to each of my said sons respectively his said share of my estate. But the trusts provided in this will shall in any event terminate not later than upon the death of two of the three beneficiaries named herein.

"*Third.* In case of the death of either or both of my said sons, leaving issue, before the distribution of my estate as aforesaid, I direct that the share of either or each one so dying, both income and principal, be paid and distributed equally to and among his said issue.

"In case of the death of either one of my said sons without issue

surviving, before the distribution of my estate, I direct that the share of the one so dying be held in trust for and paid over to the surviving son in the same manner as hereinbefore provided.

" And in case of the death of both my said sons without issue surviving, before my said wife, and before the distribution of my estate as aforesaid, I give, devise and bequeath all my property, both real and personal, to my wife.

" *Fourth.* I authorize and empower my said executrix and executors to sell and dispose of any or all my real estate or securities at any time when they may deem such sale for the best interest and advantage of my estate, but not otherwise ; and, in case of such sale, I direct them to invest the proceeds thereof in safe securities, the same to be held and treated by them in precisely the same manner as hereinbefore provided with respect to the property for which such investments shall be substituted.

" *Lastly,* I nominate and appoint my wife, Mary A. Sabbaton, and my two sons, Paul A. Sabbaton and Frederic A. Sabbaton, to be respectively executrix and executors of this my last will and testament, and I hereby revoke all former wills by me made.

" In witness whereof I have hereunto set my hand and seal this 27th day of August, 1892.

"FREDERIC A. SABBATON.  [L. S.]"

At the time of his death his son Paul A. Sabbaton was twenty-six years of age, and his son Frederic A. Sabbaton was twenty-one years of age. Neither son was at the time of the making of the will married. Paul had been married, but his wife and the child born to them had died. Shortly before the testator's death Paul ,remarried and, upon February 11, 1895, Paul died, leaving this plaintiff as his only son. The testator's widow and Frederic Sabbaton both survive. Frederic has not yet reached the age of thirty-five. This action is brought by this infant son of Paul, claiming that, at the death of his father, the trust as to his father's share in the property ended, and the property vested at once in him. The defendants contended that the trust survived the death of Paul, and that, therefore, the plaintiff had no title which would authorize the bringing of this action. In the court below the defendants prevailed, and the question is brought before us on plaintiff's appeal.

*John B. Holmes* and *Edgar Hull*, for the appellant.

*William W. Morrill*, for the respondents.

SMITH, J.:

Upon this appeal the respondents expressly rest their case upon the construction of the will given by the court below. The question arising upon that construction is, then, the only one for examination. I am unable to find in this will any indication of any intended trust for any grandchildren of the testator. By the will the trust is made "for the benefit of each said son." There were no grandchildren living, and the whole care of the testator, as evinced by the will itself, is for the protection of the widow and the two sons. In the 3d paragraph of the will he directs that, upon the death of a son before distribution, his share, both income and principal, shall be paid and distributed equally to and among his issue. Here are express words of gift to the issue of any son immediately upon the death of that son. In the very next clause of the will he provides, in case of the death of one of his sons without issue, not that the share of the son so dying shall be given to the other son absolutely but that such share shall "be held in trust for and paid over to the surviving son in the same manner as hereinbefore provided." This clause, following immediately the provision for the gift to the issue upon the death of a son, would seem to render more clear the intent of the testator that upon the death of a son leaving issue an absolute gift of the property is intended to the issue. The duration of the trust is dependent upon the life of the younger son. Primarily it is measured by his arriving at the age of thirty-five years. There is no direction that it shall be continued for two lives in being. The provision that it shall in any event terminate not later than upon the death of two beneficiaries simply places a limit upon the duration of the trust, and was probably inserted to avoid a possible legal objection. The respondents argue that, because at the death of a son "both income and principal" are given to the issue, there is indicated an intent that the trust shall continue and that the income only shall be given until the termination of the trust. It is clear that this inference is not authorized in the face of an express gift to the issue. The word "income" as there used may have referred to accumulated income, or may have been

used in connection with the word "principal" as a sweeping clause to include everything which was held in trust for the father. The case of *Matter of Moloughney* (67 App. Div. 148), which is cited for the respondents, is not entirely irrelevant. There were, however, provisions in that will which were of controlling influence which do not appear in the will in the case at bar. The words of gift there, in case of death before the time of distribution, were of the share "to which the parent of such issue would be entitled, if living." If living, the parent would not be entitled to the principal, but simply the income. I am unable to find any justification in this will, or in the circumstances under which it was made, for refusing to give to the words of absolute gift to the issue of a son who should die before distribution the significance to which those words are naturally entitled.

Counsel for respondents concedes in his brief that the construction of the will thus given authorizes this action. I, therefore, advise a reversal of the judgment below.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.