### LEVI et al. v. SCHEEL et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. TRUSTS—TERMINATION—POWERS.

A will provided that the residue of the estate should be held in trust for 20 years or until the death of testator's daughters L. and J., whichever event should first happen, that the net income therefrom should be paid in equal proportions to the use of his three daughters, L., J., and C., and on the expiration of the 20 years, or upon the death of the survivor of L. and J., the property was to be divided equally among the three daughters. Another item provided that, if any of the daughters died before the termination of the trust without issue, her share should go to such person or persons as she should appoint by will. C. died before the termination of the trust, having bequeathed her share to her husband. *Held*, that C.'s death did not terminate the trust, but merely placed her husband, whom she had appointed by will, in the position she had previously occupied with reference to the trust, and the husband took a vested interest with possession postponed until the termination of the trust.

2. POWERS—INCOME OF VESTED ESTATE WITH POSSESSION POSTPONED.

The income of the husband's one-third interest accruing during the term of the trust belongs to him under the statute, as owner of the next eventual estate.

Appeal from Special Term.

Action by Victor Levi and another, as executors and trustees of the will of Jacob Gottgen, against Justine G. Scheel, Louise Am-

mann, and others, in which Henry F. Strodtmann was impleaded, for the construction of a will. From the judgment, defendants Scheel and Ammann appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William H. Sage, for appellant Louise Ammann.
Frederick E. Mygatt, for appellant Justine G. Scheel.
Theodosius F. Stevens, for respondent Henry F. Strodtmann.
W. H. Van Benschoten, for respondents.

McLAUGHLIN, J. On the 2d of May, 1898, Jacob Gottgen died, leaving, him surviving, three daughters, Justine G. Scheel, Louise Ammann, and Clara Strodtmann. At the time of his death he was seised of five parcels of real estate in the city of New York. He left a will by which he gave to each daughter, under certain conditions, one of these parcels, and the other two he disposed of by the residuary clause. The daughter Clara has since died, leaving, her surviving, her husband Henry F. Strodtmann, the respondent above named. She left a will, by which she gave to him all the interest which she had under the residuary clause of her father's will. The husband claims that immediately upon the death of his wife he became seised in fee simple absolute and entitled to the immediate possession of an equal undivided third of the residuary estate of Mr. Gottgen. The two surviving daughters dispute this claim, and insist that under a proper construction of their father's will the respondent is not entitled to the possession of such undivided third until the trust created thereby has terminated. For the purpose of settling the dispute which has thus arisen, this action was brought. The trial court held the will created three separate trusts, one for the benefit of each daughter, but for the convenience of administration and investment the property disposed of was directed to be kept in solido, and that, therefore, the respondent Strodtmann, upon the death of his wife, became seised in fee simple absolute of an equal undivided one-third of the residuary estate, entitled to the immediate possession thereof, and directed the executors to sell the real estate included in the residuary estate and pay to him, after deducting the costs of the action and expenses of sale, one-third of the net proceeds. Judgment was entered to this effect, from which the two daughters appeal.

The appeal presents but a single question, i. e., whether the learned justice sitting at Special Term correctly construed the residuary clause of the will of the testator and the item immediately following. The residuary clause reads as follows:

"All the rest, residue and remainder of my estate, real and personal, of every nature and kind whatsoever, including any lapsed devices or legacies, I give, devise and bequeath to my executors and the survivor of them and their successors, in trust for the following uses and purposes:

"a. Until the expiration of the term of twenty years after my decease, or until the death of my daughters Louisa Ammann and Justine Scheel, whichever event shall first happen, to invest the proceeds of the personal property and of any real estate which they may sell under the authority hereinafter

conferred, and to rent and lease the real estate for terms not exceeding ten years.

"b. To collect and receive the interest, rents, issues and profits from my said residuary estate so devised to them and after paying and deducting all lawful charges, commissions and expenses to pay and apply the net income in equal proportions to the use of my said three daughters, Justine Scheel, Louisa Ammann and Clara Strodtmann.

"c. On the expiration of said term of twenty years, or upon the death of the survivor of my said two daughters, Louisa Ammann and Justine Scheel, which event shall first happen, to convey, assign and transfer said residuary estate devised to my executors as aforesaid to my said three daughters Justine Scheel, Louisa Ammann and Clara Strodtmann in equal shares and proportions, to whom I give, devise and bequeath the same."

What the testator intended by this clause of his will is apparent. He desired his residuary estate to be held in trust for a term of 20 years, or during the joint lives of his daughters Justine and Louise, and the income therefrom to be collected by the trustees named during this period, and divided in equal proportions among his three daughters, and at the expiration of 20 years, or upon the death of the survivor of the two daughters, Justine and Louise, he desired that the residuary estate should go to the three daughters, or their representatives, in equal proportions. Had the will stopped here there could not, by any possibility, have been any question as to what he desired to accomplish. The apparent difficulty is in reconciling this clause with the item which immediately follows it, and which reads:

"Item: In the event of the death of any of my said daughters before the expiration or termination of the trust as hereinbefore provided, leaving issue her surviving, I give, devise and bequeath to the children of each of the daughters so dying an equal undivided third of my said residuary estate, the issue of any deceased child taking the share which the parent would have taken if living at the death of said daughter, and in case any of my said daughters shall die before the termination of said trust, without leaving issue her surviving, then I give, devise and bequeath one-third of said residuary estate to such person or persons and in such shares and proportions as such daughter shall by her last will and testament devise and appoint."

When this item is read in connection with the residuary clause, it seems to me clear that the testator did not intend that the death of any one daughter should destroy, modify, or qualify the trust created in the residuary clause. He says in this item, "In the event of the death of any of my said daughters before the expiration or termination of the trust"—words quite significant, because they indicate that the trust referred to was not to terminate, but to continue, notwithstanding the death of a daughter; otherwise, the death of a daughter could not be before the termination of the trust. If the death of a daughter terminated the trust, then the death and termination would be simultaneous. What the testator intended to accomplish by this item, as it seems to me, was, in case of the death of a daughter, to place her issue—or, if she did not have issue, such person as she might appoint by her last will and testament—in precisely the same position that such child had previously occupied with reference to the residuary estate. Matter of

Moloughney, 67 App. Div. 148, 73 N. Y. Supp. 598. Observe the language: "The issue of any deceased child taking the share which the parent would have taken if living at the death of said daughter." What is the share referred to? Not an equal undivided one-third of the residuary estate in immediate and absolute possession —the mother was not entitled to that—but a vested interest in one-third, subject to the trust created in the residuary clause, to vest in absolute possession at the termination of the trust therein created, which was at the expiration of 20 years or the death of the two daughters, Justine and Louisa, whichever event might happen first. And in default of issue, then the same interest was to pass to such person or persons and in such shares and proportions as the daughter might, by her last will and testament, designate. It is true that in default of issue slightly different words are used, but when the whole item is read together, it seems to me the testator intended that the issue, or, in default of issue, the person appointed, should be treated the same—either to be substituted for and take the place of the daughter.

This view is strengthened when other portions of the will are considered. The testator had, as we have already seen, five pieces of real estate. He gave each child one parcel, but the absolute power of alienation in each case was suspended for a period of 10 years unless the daughter to whom the parcel was given should die before that time, indicating that he had in mind as to these parcels separate trusts for each child, but as to the remaining two parcels he desired they should be kept together until the time mentioned had expired, or the event referred to had happened.

The authorities cited by the respondents are not in point. In those cases, or nearly all of them, it was held that separate trusts were created for the purpose of saving the trust in the will and not destroying it. Here, to hold that separate trusts were created, one for the benefit of each child, is to destroy the manifest purpose of the testator, which was to keep the property tied up at least for 20 years or during the lives of his two daughters, Justine and Louise.

Nor is there force in the suggestion that this construction would be invalid because the income of one-third of the trust estate is undisposed of. The respondent Strodtmann takes the interest in the trust estate which his wife would have taken had she lived. It is a gift in remainder of one undivided third of the residuary estate, subject to the precedent trust estate which suspends the power of alienation during the trust term. Hence, the income of such one-third goes, under the statute, to him as owner of the next eventual estate.

My conclusion, therefore, is that the property passing under the residuary clause of this will is to be held in trust for a period of 20 years, or during the lives of the two daughters, Justine and Louise; that the respondent Strodtmann takes the interest in such trust estate which his wife would have taken had she lived; that the title to her interest vests in him, but he is not entitled to the possession until the termination of the trust.

The judgment appealed from, therefore, should be reversed, and a new trial ordered, with costs to all parties separately appearing payable out of the estate. All concur.