R. BARING GOULD, as Trustee, etc., of ALFRED G. MYERS, Deceased, Appellant, *v.* JOHN A. RUTHERFURD and Another, as Trustees, etc., of ALFRED G. MYERS, Deceased, and Others, Respondents, and THEODORE A. MYERS, and Others, Appellants.

*Trust estate — undisposed of rents and profits belong to the person entitled to the next eventual estate, not to the surviving beneficiary nor to the next of kin of the deceased beneficiary.*

When, by the terms of a trust, there is a valid suspension of the power of alienation during the continuance of two lives in being, and after the death of one of the beneficiaries there is no disposition made of one-half of the rents and profits of the trust fund, such rents and profits belong to the persons entitled to the next eventual estate.

When the income of a trust estate is given by will to two sisters, one-half to each, upon the death of one of the sisters the surviving sister is not entitled to the entire income thereof in the absence of a provision to that effect in the will, nor is the income, which would have been payable to the decedent had she lived, payable to the next of kin of the decedent.

APPEAL by the plaintiff, R. Baring Gould, as trustee, etc., of Alfred G. Myers, deceased, and by the defendants Theodore A. Myers and others, from a judgment of the Supreme Court in favor of the defendants John A. Rutherfurd and another, as trustees, etc., of

Alfred G. Myers, deceased, and others, entered in the office of the clerk of the county of New York on the 6th day of February, 1894, upon the decision of the court rendered after a trial at the New York Special Term, and also from the order or decision entered in said clerk's office on the 2d day of February, 1894.

*John V. Bouvier, Jr.,* for plaintiff, appellant.

*H. R. Squire* and *G. F. Thompson,* for defendants, appellants.

*B. Tuska,* for the respondents.

Van Brunt, P. J.:

It seems to us that it would be difficult to imagine a case to which the statute in reference to undisposed of rents and profits could be intended to apply if it does not control the case at bar.

It is urged upon the part of the appellants that the income which Matilda Myers, one of the beneficiaries, was entitled to receive as long as she lived devolved upon her sister at her death.

An examination of the terms of the will, however, does not bear out any such construction, and such a result can be arrived at only by making provisions in the will for a contingency which the testator himself does not seem to have anticipated. He gives and bequeaths his personal property remaining after certain specific dispositions to the plaintiffs, as trustees, in trust, to collect, invest and reinvest the same, and pay the income thereof in equal shares to his sisters, Matilda Myers and Louisa Myers. He further provides that at the death of the last surviving of his sisters one-half of the principal of his estate shall go to his friend and partner, John A. Rutherfurd, forever, and that the other or remaining half shall go to William Walton Rutherfurd, forever.

Matilda Myers, one of the beneficiaries under the will, having died, there appears to be no disposition of the income of the share, the income of which she was entitled to receive during her life. It is to be observed that the suspension of the power of alienation in respect to this trust estate extends, as to the whole of it, to the death of the survivor of the two sisters. There is thus a valid suspension of the power of alienation during the continuance, of which there is now no disposition made of one-half of the rents and profits.

Hence, under the statute, such rents and profits belong to the persons entitled to the next eventual estate.

There is no ground for the claim that the surviving sister is entitled to hold the same. There is no such provision in the will. The income is given in equal shares to the two sisters, namely, one-half of the income to each; and when Matilda died there was no disposition of that which she would have received had she continued living.

Neither is there any ground for the claim that such income is payable to the next of kin of the decedent. The provisions of the statute expressly provide for a different disposition, and one which is probably more in harmony with the wishes of the testator. Indeed, it may safely be assumed that the will in question was made having in view the provisions of the statute in reference to undisposed of income, rather than that the testator was ignorant of the law, and had an intention in respect to the income to which he gave no expression. The defendants Rutherfurd certainly will be entitled to receive absolutely the whole of the fund from which the income arises, upon the termination of the intermediate estate; and, as has already been observed, if they do not hold the next eventual estate, it is difficult to see where it is located.

There is no ground for the objection in regard to the disposition made as to costs. There would be no propriety in taxing the successful party with the payment of the whole of the expenses of this litigation. The costs are charged against the principal of the fund which forms the subject-matter of the trust, and, we think, properly so charged.

It may be observed in passing that some question is made in regard to the income which accrued during the lifetime of Matilda Myers, and which had not been paid over to her at the time of her death. An examination of the case shows that no disposition was made of this income by the decree except from the time of the death of Matilda Myers, and, therefore, there is no such question involved on this appeal.

The judgment should, therefore, be affirmed, with costs to the respondents, to be paid out of the principal of the fund.

PARKER and BARRETT, JJ., concurred.

Judgment affirmed, with costs to respondents.