(63 App. Div. 370.)

ACKERMAN et al. v. ACKERMAN.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

WILLS—REMAINDER—TIME OF VESTING.
    Testator devised his property to his wife during her life, and provided that on her death, or in case she did not survive him, that his estate should be divided equally among his three children, and that the share of any of the children that might be deceased should be divided equally among his or her heirs, and, in case there should be no such heirs, the share of such child should be divided equally among testator's surviving children. Testator died in 1896, and one of his sons in 1897, and

his widow in 1900. *Held,* that the remainders limited to testator's children vested at the time of testator's death.

Action by George A. Ackerman and others against Annie L. Ackerman. Submission of controversy on agreed statement, in accordance with Code Civ. Proc. § 1279. Judgment for defendant.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William J. McCready, for plaintiffs.
James M. Hunt, for defendant.

HIRSCHBERG, J.   This is the submission of a controversy upon agreed statement of facts, under section 1279 of the Code of Civil Procedure. 'The issue depends upon the question whether or not the remainder limited to Charles Willis Ackerman in his father's will vested at the time of his father's death. John Ackerman, the father, died May 23, 1896, leaving a widow and three children. By the terms of his will, he gave a power of sale to his executors, and a life estate in all his property to his widow. The will further provided as follows:

"Upon the death of my said wife, or in case she does not survive me, I give, devise, and bequeath to my three children, namely George Albert, Charles Willis, and Christina Evelyn, the wife of S. W. Simmons, all my estate, real and personal, to be divided between them share and share alike, the share of such of my children as may be deceased to be divided equally among his or her heirs, if any there be, the share of such child or children to be held in trust and placed at interest on good security until said heir or heirs have attained their majority; but in case there should be no such heir or heirs, or such heirs should be deceased before they have attained their majority, then, and in that case, the share of such heir or heirs shall be equally divided among my surviving children."

The testator's widow died May 6, 1900. His children survived him, but his son Charles Willis died February 19, 1897, leaving a will, by which he devised and bequeathed all his property to his widow, the defendant, Annie Laura Ackerman.

That the share of Charles Willis Ackerman vested immediately upon his father's death, subject, of course, to the life estate, seems to me beyond dispute. The general rule of construction applicable is that where a testamentary gift is simply to one or more persons, and, in case of the death of any one of them without issue, to survivors, the death referred to means a death in the lifetime of the testator, and the prior legatee surviving takes absolutely. 2 Jarm. Wills, 752. This rule is qualified in so far that if, in the language of the gift or in the other provisions of the will, a contrary intent is apparent, the contrary intention should be sustained. The fact of a precedent estate is not important. The cases are common which hold that adverbs of time, such as "when," "then," "after," "from and after," etc., in the devise of a remainder limited upon a life estate, are to be construed merely as relating to the time of the enjoyment of the estate, and not to the time of its vesting in interest, and that the law favors such a construction of a will as will avoid the disinheritance of remainder-men who may happen to die before the determination of the precedent estates. In Con-

nelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20, the court of appeals carried this doctrine so far as to hold that where a testator gave his property to his widow during her life, and then to such of his children "as may 'then' be alive," the adverb was intended by him to refer to the time of his own death, and not to that of his widow, and that consequently a daughter who survived him, but died before the widow, took a vested share. There is nothing in the language of the gift herein, or of the other provisions of the will, which indicates an intent to postpone the vesting in interest of the remainders. On the contrary, the language employed seems apt in the expression of a contrary intent. The testator gives his estate to his children in equal shares, excepting only the share of such of his children "as may be deceased." This refers to an existing condition resulting from a prior event, as though he had said, "but if any of my children shall have died," etc. That the possible event of their death refers to the time of his own death, and not to his wife's, is plain from the expression, "upon the death of my said wife, or, in case she does not survive me, I give," etc. Contemplating the condition that his wife may die before him, and the life estate never take effect, he gives in that event an equal share to each of his children, with the proviso that the share of such of his children as may be deceased shall be divided among his or her heirs. In that event, the words "may be deceased" can by no possibility be construed to relate to any other time than to that of his own death. But these words cannot be construed to have two different and opposing meanings in the same paragraph, as they would have of necessity if the plaintiffs' contention were adopted, viz. that if his wife did not survive him the words "may be deceased" were intended to refer to the time of his death, while if she did survive him they were intended to refer to the time of her death. There is no reason or authority for so anomalous a rule of construction. The case of Mead v. Maben, 131 N. Y. 255, 30 N. E. 98, is quite different. There the language used referred, not to a death as having occurred at the time of the death of the testator, but to one which might occur at any time in the future. The ordinary import of the words, "if any of my children shall die," was considered to be that of the death of any of them at any time, and it is manifestly distinguishable from the words, "if any of my children shall have died," or "shall be deceased." Besides, in that case the other general provisions and scheme of the will supported and confirmed the construction adopted by the court. Referring to the general rule which I have said controls the determination of the question, and the qualification or exception involved in Mead v. Maben, supra, the same court said, in Stokes v. Weston, 142 N. Y. 433, 437, 37 N. E. 515: "An examination of the cases in this court where the rule has not been applied will disclose the fact that there was some language of the testator indicating a different intention. Such a case was Mead v. Maben, 131 N. Y. 255, 30 N. E. 98. Judge Gray expressly rested the decision of the court, which refused to apply the rule in that case, on the special language of the testator." The plaintiff cites Stokes v. Weston, 69 Hun, 611.

24 N. Y. Supp. 26, and Washbon v. Cope, 67 Hun, 272, 22 N. Y. Supp. 241. The first case was reversed in Stokes v. Weston, supra, and the second in Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388. Each ultimate decision is an authority for the conclusion reached herein. The other cases cited by the plaintiff are either inapplicable, or, by reason of peculiarities in scheme or expression, not controlling.

There should be judgment for the defendant upon the submission. All concur.