Order affirmed, with $10 costs and disbursements. All concur.

<hr>

(67 App. Div. 148.)

### In re MOLOUGHNEY et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

WILLS—CONSTRUCTION—TRUST ESTATE.

A testator, by the second clause of his will, devised all the residue of
his estate to his executors, in trust, to be invested, and the income ap-
plied to the use of all his children, share and share alike, until the young-
est child became 21 years of age, when the estate was to be divided
equally among the children. The third clause provided that, should
either of the children die, leaving issue, before the testator's decease, and
before the time fixed for distribution, then such issue should take the
share to which the parent of such child would be entitled, if living. *Held*,
that the children of one of testator's sons, who died during the period of
the trust, took vested interests, subject to the trust, and not absolute in-
terests, vesting in possession on their parent's death.

Appeal from surrogate's court, Kings county.

Petition by Edward J. Moloughney and Michael Moloughney, Jr.,
for a judicial settlement of their accounts, as surviving executors
and trustees of the will of Michael Moloughney, deceased. From a
decree construing said will, the petitioners appeal. Decree modi-
fied.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and SEWELL, JJ.

George S. Hamlin, for appellants.
T. G. Barry, for respondent guardian ad litem.

WILLARD BARTLETT, J. The only question presented upon
this appeal is the correctness of the construction placed upon the
second and third paragraphs of Michael Moloughney's will by the

learned referee, whose report was confirmed by the surrogate. These paragraphs read as follows:

"(2) I give, devise, and bequeath all the rest, residue, and remainder of my real and personal property and estate, of what nature or kind soever situated, whether now owned or hereafter acquired by me, and of which I shall die seised and possessed, to Edward J. Moloughney, Edward F. Moloughney, and Michael Moloughney, Jr., my executors hereinafter appointed, or to such of them as shall qualify and take upon themselves the execution of this will, in trust to invest and reinvest the same, to receive the income therefrom, and to apply said income to the use of all my children, share and share alike, until my youngest child living at the time of my decease shall become twenty-one years of age; and, when my said youngest child living at the time of my decease shall have become twenty-one years of age, I give, devise, and bequeath the said rest, residue, and remainder of my said real and personal estate to all my said children absolutely forever, to be divided between them equally, share and share alike. And I direct my said executors at that time to divide and distribute the same as herein directed.

"(3) Should either of my said children die before my decease, and before the time above fixed for distribution, and should the child so dying leave issue, then I give, devise, and bequeath to such issue of the child so dying the share of my estate, both of income and principal, to which the parent of such issue would be entitled, if living."

Edward F. Moloughney, one of the testator's 11 children, for whose benefit the trust was created by the second paragraph, died during the period of the trust thereby established, leaving, him surviving, 4 children. The question is whether, upon their parent's death, the fee of one-eleventh of the testator's residuary estate immediately vested in these 4 children in absolute ownership, or whether their share, although it had become vested in interest, remained subject to the trust. It has been held in the court below that the trust ceased as to one-eleventh upon their father's death, and that thereupon they took such share absolutely. The argument in favor of this construction does not appear to me to be as convincing as that in support of the contrary view. I think it tolerably clear that the third paragraph of the will was intended to be solely substitutionary in its effect; that is to say, it was designed to place the issue of a deceased child of the testator precisely in the same position as such child had previously occupied in reference to the estate. The issue are to have "the share of my estate, both of income and principal, to which the parent of such issue would be entitled, if living." What is that share? Not, as it seems to me, one-eleventh of the residuary estate in immediate and absolute possession,—for the parent was not entitled to that,—but a vested interest in one-eleventh, subject to the trust created in the previous paragraph, and to vest in absolute possession at the termination of the trust. The substitutionary gift did not change the character of the estate. It was to remain a trust until the youngest child living at the time of the testator's death should become 21 years old. The word "then" in the third paragraph does not indicate to my mind an intention on the part of the testator to adopt a different form of disposition with reference to the issue of his children from that which he had adopted with reference to the children themselves. It seems to be merely an equivalent for the phrase "in that event." On the other hand, the fact that the testator, in the third paragraph, is careful to mention

income as well as principal, shows that he contemplated a continuance of the trust, after the death of one or more of his children, during a period when income should be earned by the trust estate. Little or no aid can be gained by recourse to the decisions in other will cases for guidance in the construction of such a will as this. Different minds may reasonably differ as to what the testator's intention really was. In addition to the reasons already given for believing that he did not intend the trust to terminate as to the share of any child, merely by reason of the death of that child and the gift over to his issue, I may suggest the improbability that he meant to give property absolutely to his grandchildren, in the event of their parent's death, while refusing to let any of his own children have absolute possession or control of their respective shares until the youngest of the 11 should have attained the age of 21 years.

I advise that the surrogate's decree be modified so as to direct that the share of the respondents be held for them by the appellants, subject to the trust established in the second paragraph of the will, and be distributed at the termination of said trust.

Decree of surrogate's court of Kings county modified, without costs. All concur.