(119 App. Div. 17)

RUNYON et al. v. GRUBB.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

WILLS—CONSTRUCTION—VESTING OF REMAINDERS.

　　Testator bequeathed to his wife all the property of which he was possessed at the time of his death, for her support during her life or widowhood, and in case of her death or marriage the whole estate to be divided equally between testator's surviving children and the issue of any one or more of them who shall have died leaving issue. *Held*, that the interest of the remaindermen vested as of the date of testator's death, and was not suspended until the termination of the life estate.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1461, 1462, 1464, 1467.]

Appeal from Special Term, Westchester County.

Action by Isabelle M. Runyon and others against John B. Grubb to enforce specific performance of a contract for the sale of real estate. From a judgment granting such relief, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Frank B. Lown, for appellant.

Philip M. Brett, for respondents.

WOODWARD, J.   There is no dispute as to the facts in this case; the only question arises as to the construction to be placed upon the will of Charles Runyon, deceased, upon which depends whether the plaintiffs were able to convey a marketable title.   The will was written by the testator, who was not a lawyer, and is very simple in its provisions.   Omitting the formal portions, the will provides as follows:

"First. I give and bequeath unto my beloved wife, Isabelle Mercein Runyon, all the real and personal property which I may have or be possessed of at the time of my death, for her support during her natural life or widowhood, and, in case of her death or marriage, the whole estate, both real and personal, to be divided equally, share and share alike, between my surviving children, and, if any one or more of them shall have died leaving legitimate issue, such issue shall have and take the share its parent would have received if still alive.

"Second. I hereby constitute and appoint my sons, Carman R. Runyon and Arthur S. Runyon, and on his reaching majority, my son, Charles Runyon, Jr., my executors and trustees, without bonds, of this my last will, directing my said executors to pay all my just debts and funeral expenses."

All of the children of Charles Runyon survived him, all are of full age, and they, with their mother, the widow of Charles Runyon, joined in a contract with the defendants for the sale of the premises here involved.   The defendants refused to take title, alleging that the children of Charles Runyon, deceased, had no vested interest in the premises.   The plaintiffs brought an action for specific performance, and the court below has decreed such performance.   The defendant appeals, and urges that the will makes no present gift to the children, speaking from the date of testator's death, and that their interest is contingent upon the death or remarriage of the widow. The rule is invoked on the part of the appellant that futurity is of the essence of the gift, and that the legacies are contingent, and do not vest until the time for distribution arises; that the gift is to a class, the members of which cannot be determined definitely until the time for distribution.

As we look at this will, it seems to be one where it would be entirely improper to invoke any highly technical rules of construction. There was a single, direct purpose to provide for the widow during her life or until she remarried, and to dispose of the property to his children.   A life use was all that was to go to the widow, the estate vesting in the children subject to this use; and "where, from an examination of the whole will, it is apparent that it was the intention of the testator that the estate should vest in the beneficiaries immediately upon his death, the rule governing where there is merely a direction to divide at a future time must be subordinated to that broader rule which requires that the intention of the testator shall control where it can be ascertained 'within the four corners of the will.'" Matter of Crane, 164 N. Y. 71, 77, 58 N. E. 47, 49.   There was no effort to vest the estate in trustees.   The language is that he gives and bequeaths the property to his wife, "for her support during her natural life or widowhood."   The purpose for which the gift is made limits its ownership to her support for life or during her widowhood. It is a mere use of the property, and upon the termination of the life estate the property is to be divided equally among his surviving chil-

dren.  He makes no mention of the children who are to survive the widow.  It is "my surviving children" who are to take, and, if any of them shall have died leaving lawful issue, the survivors are to take the share that the parent would have taken.  This language speaks, not of a survival of the widow (it was the distribution only which was postponed to that time), but of the testator.  The postponement of the payment was for the purpose of letting in a life estate for the widow, and in such a case the interest is deemed to vest at the death of the testator; the class of legatees being determined as of that date, under an exception, well recognized, to the rule invoked by the appellant.  Matter of Crane, 164 N. Y. 76, 58 N. E. 49.  All of the parties in interest were parties to the contract here under consideration.  The plaintiffs jointly own the premises in question and have a present right to convey the same.

The judgment should therefore be affirmed, with costs.  All concur.