GERTRUDE STRINGER, Appellant, *v.* CHARLES H. YOUNG et al., as Trustees of the Estate of GEORGE BELL, Deceased, et al., Respondents, Impleaded with Others.

1. WILL — TRUST — WHEN REMAINDERMEN TAKE VESTED ALIENABLE ESTATE AT DEATH OF TESTATOR. By the terms of his will a testator gave all of his residuary estate to his executors in trust to equally divide the income, with the exception of a portion to be used for the care of an insane daughter, between two nephews and a niece during the life of the said daughter, except that in case of her recovery, subsequent marriage and birth of issue, then after the happening of the latter event, the whole of the income was to be applied to the support of the daughter and her issue during her natural life, and upon her death, leaving lawful issue, a certain portion was bequeathed to the nephews and niece and the balance of the residuary estate to the issue of the daughter, but, in the event of the death of the daughter without issue, then he gave, devised and bequeathed one-third of the residuary estate to each of his two nephews and the other one-third to his executors to pay the income to his niece during her life with remainder to her issue. *Held*, that the nephews and niece took, at the time of the testator's death, a vested alienable estate

and interest in the shares of the residuary estate devised to them, inasmuch as there was an absolute gift to designated persons, then in existence, upon the termination of a precedent estate, which might only be defeated by the happening of a contingency provided for in the will, thus satisfying the conditions of the test as to the vesting of future estates in remainder.

2. TRUST FOR RECEIPT AND APPLICATION OF RENTS AND INCOME — NOT ESSENTIAL TO VALIDITY THAT CONTINUANCE SHOULD BE DEPENDENT UPON LIFE OF BENEFICIARY. A contention that the trust, being one for the receipt and application of rents and income which was not measured, for its duration, by the life of the beneficiary, but by that of the testator's daughter, is not within the Statute of Uses and Trusts (1 R. S. 729, § 55), and, therefore, void, cannot be sustained, since it is not essential to the validity of the trust that its continuance should be dependent upon the life of the beneficiary, and in this case it must end with the daughter's death or it may have a shorter term, if she should recover, marry and have a child, and, therefore, it cannot exceed the period limited for trusts which suspend the power of alienation.

3. ASSIGNMENT OF INTEREST IN INCOME FROM TRUST OF PERSONAL PROPERTY PROHIBITED. An assignment, by one of the nephews of the testator of an interest in his share of the income of the residuary estate, cannot be upheld on the ground that there is no express inhibition in the Revised Statutes against the alienation of the income of a trust in personal property, since it is provided (1 R. S. 773, § 2) that limitations of future, or contingent, interests in personal property, shall be subject to the statutory rules prescribed in relation to future estates in land and the assignment of an interest in a trust for the receipt of rents and profits of land is prohibited. (1 R. S. 730, § 63.)

4. TRUSTEES — DUTY TO PROTECT TRUST ESTATE AND INCOME FROM ANY PROHIBITED ALIENATION. A contention that inasmuch as the assignor did not contest the claim of the assignee, the trustees and the other nephews and niece had no interest in the case which entitled them to contest it, cannot be upheld as to the trustees, at least, since they were interested in preserving the income of the trust estate from any unlawful diversion, it being their duty to protect the estate and interests confided to them against any alienation thereof which the law prohibited.

*Stringer* v. *Barker*, 110 App. Div. 37, modified.

(Argued January 17, 1908; decided February 18, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 9, 1906, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

George Bell died in 1879, leaving a large estate, in realty and in personalty, which he disposed of by a will. After making a number of bequests, he gave all of his residuary estate, real and personal, to his executors, in trust, " to apply and divide the net income of said trust property to and among my nephews and niece, George Barker, Charles Barker and Mary Leavitt, equally, share and share alike, during the life of my daughter Catherine B. Bell, provided, however, that in case it shall seem to my executors that my said daughter is at any time in need of a portion of said net income for her support and maintenance, that they shall use and apply so much thereof as shall seem to them proper and right, but not to exceed the sum of fifteen thousand dollars in any one year to her use, and the residue thereof they shall apply and divide as · above directed. And provided further that in case my said daughter shall entirely recover from her present affliction and shall subsequently marry and have lawful issue, that then from and after the birth of the said issue the whole of such net income shall be applied to the support, maintenance and education of my said daughter and her said issue for and during her natural life, and upon her death, leaving lawful issue surviving, then I give and bequeath to each of the then living children of my sister Elizabeth Barker the sum of fifty thousand dollars and the residue of the said residuary estate I give, devise and bequeath to the lawful issue of my said daughter, * * * And in case of the death of my said daughter, leaving no lawful issue her surviving, then I give, devise and bequeath my said residuary estate as follows : One-third thereof to my nephew George Barker, to him, his heirs, executors, administrators and assigns forever. One-third to my nephew Charles Barker, to him, his heirs, executors, administrators and assigns forever. And one-third thereof I direct to be held by my executors, the survivors and survivor of them, in trust," to pay the net income to his niece Mary Leavitt during her life. In 1901, Charles Barker, the testator's nephew, assigned to the plaintiff an interest in his share of the residuary estate, to the extent of $100,000, and an interest in the

income thereof due to him, to the extent of $5,000, annually. Catherine Bell, the testator's daughter, has never married and is insane. In this action, the plaintiff has sought to have an accounting by the trustees of Bell's estate and to have her interest in the estate determined. Upon the trial, before a referee, the plaintiff recovered a judgment, which adjudged that Charles Barker took a vested interest in his share of the testator's residuary estate and which sustained her right, as his assignee, to the specified interest in the principal and in the income of his share. Upon appeal, the Appellate Division held the assignment to be valid as to the portion of the share in the estate assigned; but the assignment of the portion of the income was held to be illegal and void. The order of that court modified the provision in the judgment as to the vesting of an estate in Charles Barker and decreed that he "took an alienable estate and interest in the share of the residuary estate of the testator." The only persons, who had appealed to the Appellate Division from the judgment, were the trustees of the estate and the testator's other nephew and niece. The plaintiff now appeals to this court.

*William P. Maloney* and *Edmund F. Harding* for appellant. Neither the trustees nor George Barker, individually, nor Mary Leavitt, individually, had any interest adversely affected by the decision of the referee to entitle them to appeal to the Appellate Division. (*Croft* v. *Wood*, 13 Wis. 528; *Bryant* v. *Thompson*, 128 N. Y. 426; *Foose* v. *Whitmore*, 82 N. Y. 405; *Campbell* v. *Stokes*, 142 N. Y. 23; *Matter of Seaman*, 147 N. Y. 69; *Matter of Brown*, 154 N. Y. 313; *Goebel* v. *Wolf*, 113 N. Y. 405; *Robert* v. *Corning*, 89 N. Y. 226; *Bryant* v. *Thompson*, 128 N. Y. 426; *Matter of Hodgman*, 140 N. Y. 421.) The trust included real property, was not an authorized trust under our statute, but is sustainable only as a power in trust; and as such it is not included in the statute forbidding alienation. (1 R. S. 730, § 63; *Cochrane* v. *Schell*, 140 N. Y. 526; *Schenck* v. *Barnes*, 156 N. Y. 326; *Metcalf* v. *U. T. Co.*, 181 N. Y. 39; *Dyett* v.

*C. T. Co.*, 140 N. Y. 55; *Lang* v. *Ropke*, 5 Sandf. 363; *Downing* v. *Marshall*, 23 N. Y. 366; *Bryan* v *Knickerbacker*, 1 Barb. Ch. 409.) .

*William A. Keener* for Charles H. Young et al., as trustees, respondents. Inasmuch as the alleged assignment of the income payable to Charles B. Barker attempts to transfer a portion of a future income and all rents and profits, it is inhibited by statute and void. (*Lent* v. *Howard*, 89 N. Y. 169; *Tolles* v. *Wood*, 99 N. Y. 616; *Cochrane* v. *Schell*, 140 N. Y. 516; *Graff* v. *Bonnett*, 31 N. Y. 9; *Rothschild* v. *Roux*, 78 App. Div. 282; *Robb* v. *W. & J. College*, 185 N. Y. 495.)

*Albert W. Ransom* for Edith M. Barker, as executrix of George A. Barker, deceased, respondent. The remainder of one-third of the residuary estate limited to Charles B. Barker after the death of Catherine B. Bell is a vested one, subject to being divested by issue surviving her. (*Matter of Seaman*, 147 N. Y. 69.)

*Tarrant Putnam* and *James W. Hawes* for Mary E. Leavitt, respondent. Charles B. Barker's distributive share in remainder is contingent, not vested. (*Clark* v. *Cammann*, 160 N. Y. 324; *Goebel* v. *Wolf*, 113 N. Y. 405.) The assignment is void because it attempts to transfer a portion of a future income and all rents and profits, which is inhibited by the statutes. (*Cochrane* v. *Schell*, 140 N. Y. 516; *Goldschmidt* v. *Roux*, 78 App. Div. 282; *Garrett* v. *Duclos*, 53 Misc. Rep. 140; *Matter of Kirby*, 113 App. Div. 705; *Metcalfe* v. *U. T. Co.*, 181 N. Y. 39; *Noyes* v. *Blakeman*, 6 N. Y. 567; *Hilton* v. *Sowenfeld*, 53 Misc. Rep. 152; *Tolles* v. *Wood*, 99 N. Y. 616; *Wood* v. *Wood*, 5 Paige, 596; *Hone* v. *Van Schaick*, 7 Paige, 221; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Genet* v. *Foster*, 18 How. Pr. 50.)

GRAY, J. I think it is plain that the interests of the testator's nephews and niece in his residuary estate vested in them

11

at the time of his death.  By the express terms of his will, in case of the death of his daughter, leaving no lawful issue her surviving, he gave, devised and bequeathed to each one-third of his residuary estate.  The duration of the trust, which he created, was measured by the life of his daughter and, upon its termination, with no intervening marriage and birth of children, the gifts of the estate are made in absolute terms.  The conditions of the test as to the vesting of a future estate in remainder were satisfied; inasmuch as there was an absolute gift to designated persons, then in existence, upon the termination of a precedent estate, which might only be defeated by the happening of a contingency provided for in the will.  The contingency did not affect the vesting of the interests given; it was a possible event, provided for by the testator, which should operate to divest those interests. It was not a gift limited to take effect upon an uncertain event; it was a gift, which the uncertain event might chance to defeat.

The argument is made that the trust disposition in the will was not one of the express trusts, permitted to be created by our Statute of Uses and Trusts and, therefore, it should be executed as a power in trust.  The Revised Statutes provided, (1 R. S. 729, sec. 55), for the creation of four express trusts; one of which was "to receive the rents and profits of real property and apply them to the use of any person during the life of that person, or for any shorter term, subject to the provisions of law relating thereto."  They subjected the creation and limitation of future interests in personal property to the rules regulating future interests in lands.  (1 R. S. 733, secs. 1, 2.)  We need, therefore, only regard the trust as one concerning real property; for, if valid as such, it is valid as a trust of personalty.  The point is taken, with respect to this trust, that, as it was a trust for the receipt and application of rents and income, which was not measured, for its duration, by the life of the beneficiary, but by the life of the testator's daughter, it was not within the statute.  This is an attempt to narrow the construction and operation of the statutory provi-

sion which is not justified and is without support in authority; although in *Downing* v. *Marshall*, (23 N. Y. 366, 377), it was suggested. It is not essential to the validity of the trust that its continuance should be dependent upon the life of the beneficiary. In this case, the application of the income is to the beneficiaries named, during the life of the daughter. The trust cannot exceed the period limited for trusts, which suspend the power of alienation. It must end with Catherine Bell's death; or it may have a shorter term, if she should recover, marry and have a child. But what question there may have been has been set at rest by decisions of this court. In *Manice* v. *Manice*, (43 N. Y. 313, 386), the trust was to pay, annually, a certain sum to the testator's widow, during her life, and, likewise, a certain sum to each of his five children, " during the lifetime of his wife." The trust was declared valid. It was said that " the trust is limited for its duration to the life of the widow and, as to each beneficiary, the beneficial interest is for his life, or a shorter term." In *Crooke* v. *County of Kings*, (97 N. Y. 421), the trust was for the life of the trustee, to apply the income to the support of the nine children of the testatrix. The duration of the trust was for a single life and it was held that " a trust dependent upon lives, as beneficial objects, need not, necessarily, be dependent upon the same lives for its duration." In *Bailey* v. *Bailey*, (97 N. Y. 460), the testator devised the residue of his real and personal estate to his executor, in trust to receive the rents and income thereof and to divide the same equally between four beneficiaries, during the lives of two other designated persons. The trust was held to be valid; disapproving of the construction of the statute suggested in *Downing* v. *Marshall*. It was held that " the limitation provided is a limitation of time and not a personal one " and that there was no violation of the statute, where the continuance of the trust depended upon the lives of strangers to the trust and not upon those of the beneficiaries. The conclusion was rested upon a consideration of this subdivision 3 of section 55, in connection with that one of the rules referred to in the subdivision,

which limited the period of the suspension of the power of alienation to two lives in being at the creation of the estate. " To bring a case ", it was said, " within the rule provided for, it is not required, we think, that the lives during which the power of alienation is suspended should be those of the beneficiaries." The case of *Crooke* v. *County of Kings,* *(supra),* was considered to have finally disposed of the question. In *Cochrane* v. *Schell,* (140 N. Y. 516), the residuary estate, real and personal, was given to executors, in trust to pay certain annuities from the rents and income received, during the life of the testator's daughter, and, upon her death, to convey the estate to his grandchildren, then living, or their issue. The annuitants were four of the grandchildren. The trust was upheld and it was observed that dispositions by way of trust, within the limitations against perpetuities, will be sustained, if they can, fairly, be brought within the spirit, if not the literal language, of the statute.

It is argued that the assignment to the plaintiff of the income was valid ; inasmuch as there was no express inhibition in the Revised Statutes against the alienation of the income of a trust in personal property. This is a question, which should be regarded as having been settled adversely to any such contention.

In *Graff* v. *Bonnett,* (31 N. Y. 9), the question was considered and decided, with such effect as to justify the acceptance of the principle of the decision by later cases. In that case, the executors were given a fund, upon the trust to pay an annuity during the life of the annuitant named. The question was as to the alienability of the annuitant's interest by his judgment debtor. The Revised Statutes, (1 R. S. 730, sec. 63), provided that " no person beneficially interested in a trust for the receipt of rents and profits of lands can assign, or in any manner dispose of, such interest." It was determined that the same rule should govern as to the inalienability of rents, profits and income, whether in trusts of real, or of personal, estates, and the determination was reached upon an application of the statutory provision that

limitations of future, or contingent interests in personal property shall be subject to the statutory rules prescribed in relation to future estates in lands. (1 R. S. 773, secs. 1, 2.) This provision was construed as being, in effect, a legislative application of the same principles and policy to both classes of property. It was observed that " the argument to be derived from the general similarity of the legislative enactments in regard to both classes of property, from the similar, if not equal, mischiefs to be remedied, and from the general policy of the law, would authorize a Court of Equity  *  *  *, to apply the same rule to both."

In *Lent* v. *Howard*, (89 N. Y. 169, 181), following the authority of *Graff* v. *Bonnett*, it was held that the statutory prohibition against the assignment by beneficiaries of their interests in trusts for the receipt of rents and profits of lands applied, by force of other sections of the statute, to the interest of beneficiaries in similar trusts of personalty. In *Cutting* v. *Cutting*, (86 N. Y. 522, 545), it was held to be the duty of courts of justice to preserve an analogy between estates and interests in land and the income thereof and similar interests in personal property. In *Cochrane* v. *Schell*, (140 N. Y. 516, 534), where a trust to executors for the receipt of the rents and profits of lands and for the payment therefrom of annuities was sustained under the third subdivision of section 55, (1 R. S. 729), the interest of an annuitant was held to be inalienable, under the provision of section 63, (1 R. S. 730). Chief Judge ANDREWS remarked that " there is a manifest propriety in assimilating, so far as practicable, the rules governing trusts and limitations of real and personal property."

It is, further, the contention of the plaintiff that, inasmuch as the defendant Charles Barker, her assignor, did not contest her claim, nor appeal from the judgment, the trustees and the testator's other nephew and niece had no interest in the case, which entitled them to appeal to the Appellate Division. It is sufficient, upon that point, to say that the trustees had a substantial interest in the subject of the litigation. They

were interested in preserving the income of the trust estate from any unlawful diversion to other objects. It was their duty to protect the estate and interests confided to them against any alienation thereof, which the law prohibited.

The views expressed lead to the conclusion that, in so far as the original judgment declared the share of Charles B. Barker in the remainder of the estate to have vested in him, it was correct and that the order of the Appellate Division erroneously modified it in that respect.

I advise that the order and judgment of the Appellate Division be modified, so that the same shall adjudge that Charles B. Barker took a vested and an alienable estate and interest in the share of the residuary estate of the testator, and as thus modified, that they be affirmed ; without costs to any party.

CULLEN, Ch. J., HAIGHT, WERNER, HISCOCK and CHASE, JJ., concur ; WILLARD BARTLETT, J., not sitting.

Ordered accordingly.