TROWBRIDGE v. COSS et al.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. WILLS—VESTED AND CONTINGENT ESTATES.
    Under Real Property Law, Laws 1896, p. 564, c. 547, § 30, future estates in real property are vested when there is a person in being who would have an immediate right to possession on the termination of the intermediate or precedent estate, and are contingent while the person to whom, or the event on which, they are limited to take effect, remains uncertain.

2. SAME—CONSTRUCTION—VESTED ESTATE.
    Testator gave his residuary estate to his executor in trust for the lives of his intended wife and daughter M., to divide the income between his intended wife and children, including the issue of his intended marriage, if any, in equal shares, the share of the wife not to be paid to her after

remarriage, but divided among testator's children, with power to the executor at the termination of the trust to sell the real estate, also declaring that the child or children of any deceased child should take the share of the parent. *Held*, that the children living at testator's death took a vested, and not a contingent, remainder distributively as tenants in common, and not as a class, subject only to the termination of the trust estate.

3. SAME—VESTING IN INTEREST AND IN POSSESSION.

Where testator created a trust, and provided for a distribution among his children, the fact that he authorized a sale on the death of his daughter M. and of his intended wife or the survivor of them did not indicate an intention that the children living at testator's death should not take a vested estate in remainder, such provision being construed to relate only to the time of the enjoyment of the estate by the children, and not to the time of its vesting in interest.

Houghton and Clarke, JJ., dissenting.

Appeal from Special Term.

Action by Austin C. Trowbridge against Charles M. Coss and another. From a judgment dismissing the complaint, and from an order granting an extra allowance of costs, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Arthur C. Rounds, for appellant.

Nathaniel A. Elsberg, for respondents.

McLAUGHLIN, J. This action was brought for the partition of certain real estate in the city of New York which was owned by Richard Bogardus at the time of his death in 1873. He left a will, which was dated January 7, 1871, at which time he contemplated marriage with one Aljanette Kniffin. He then had, by a former marriage, a son, James, and two daughters, Julia and Mary, who were unmarried. By his will, after directing a division among his children and intended wife of certain personal property, he disposed of the residue of his estate as follows:

"I give, devise and bequeath all the rest and residue of my real and personal estate of what nature or kinds soever to my executor hereinafter appointed in trust for the execution of this my will, with power to sell and dispose of the same at public or private sale on the death of my daughter Mary and of my intended wife or of the survivor of them, and in the meantime to divide the income among my children, including the issue of my intended marriage and my said intended wife, share and share alike, to each an equal share, provided, however, that the share of said income to my said intended wife, shall not be paid to her after she should remarry after my death, and then her said share shall be divided among my children as above. I hereby direct and declare that the child or children of any deceased child shall take the share of the parent deceased. On the death of the survivor of my said intended wife and my daughter Mary I give, devise and bequeath my said property real and personal to my children including the issue of my said intended marriage share and share alike, the children of any deceased child to take the share of the deceased parent."

The intended marriage took place, and the testator was survived by his widow and three children. The son, James, died in August, 1874, intestate and unmarried. The daughter Julia in April, 1879, died intestate, leaving her surviving the plaintiff, her husband, and

an infant child, Irving B. Trowbridge, who died in July of the same year, leaving the plaintiff, his father, surviving his only heir at law and next of kin. The daughter Mary died in July, 1892, leaving her surviving her husband, the defendant Charles M. Coss, and Harry G. Coss, her only child, heir at law and next of kin. The testator's widow, Aljanette, died in July, 1905. At her death no child or grandchild of the testator, except the defendant Harry G. Coss, survived, and no heir or devisee of any child or grandchild of the testator survived, except the plaintiff.

The appellant contends that at the death of the testator his children took a vested estate in remainder in his real property, subject only to the termination of the trust created by the will during the lives of the widow and the daughter Mary; that the share of the son, James, passed by his death intestate to his two sisters; that the share of the daughter Julia passed by descent to her infant son, and, upon the latter's death, to the plaintiff as his sole heir at law; that the share of the daughter Mary passed by descent to her son, the defendant Harry G. Coss, subject to the right of curtesy in the father, the defendant Charles M. Coss; that the plaintiff and the defendant Harry G. Coss are tenants in common, each entitled to an equal undivided share in the real estate in question, and that, the trust having terminated, the plaintiff is entitled to maintain an action of partition. The trial court held that the will was drawn and executed having in view the happening of a particular future event, which was the testator's "approaching and intended marriage with Aljanette Kniffin"; that it was his intent, by his will, to provide an income for his widow and children for as long a period as the law would permit, and that the title to the real estate in question was not to vest until the expiration of such period, when it should vest in such of his children or grandchildren as then survived; that this period occurred at the death of the widow in July, 1905, and that the plaintiff, not answering the description of the class of persons in whom the testator intended the estate should then vest, had no right, title, or interest in, but that the defendant Harry G. Coss was the sole owner of, the real estate which was the subject-matter of the action. Judgment was entered to this effect, from which the plaintiff appeals, as well as from an order granting an extra allowance of costs.

The question presented by the appeal depends wholly upon the determination of whether the share of the daughter Julia was at the time of her decease vested or contingent upon her surviving the death of her sister Mary and the testator's widow. If such share were vested, then the action can be maintained. If contingent, then the complaint was properly dismissed. Under the statute future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession upon the ceasing of the intermediate or precedent estate. They are contingent while the person to whom, or the event upon which, they are limited to take effect remains uncertain. Real Property Law, Laws 1896, § 30, c. 547, p. 564. What the testator sought to accomplish by his will seems to me clear. He gave his residuary estate to his executor in trust for the lives of his intended wife and

daughter Mary, for the purpose of having the income derived there-
from divided among his intended wife and his children, including the
issue of his intended marriage, if any there should be, in equal shares,
and that the share of his intended wife should not be paid to her
after her remarriage, but should be divided among his children, and
with power to the executor, at the termination of the trust, to sell
the real estate in question. He also provided that the child or chil-
dren of any deceased child should take the share of the parent, thus
emphasizing, as it seems to me, his intent that his children living at
the time of his death should take a vested, and not contingent, estate.
The use of the words, "on the death of the survivor of my said in-
tended wife and my said daughter Mary," does not show a contrary
intent. There are many authorities to the effect that the words "on,"
"when," "after," "from and after," and similar expressions used in a
devise of a remainder following a life estate are not in and of them-
selves sufficient to justify a conclusion that a remainder is contingent,
and not vested. Such words, unless there is something else in the
will to indicate to the contrary, are construed to relate merely to the
time of the enjoyment of the estate, and not to the time of its vesting
in interest. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Hersee
v. Simpson, 154 N. Y. 496, 48 N. E. 890; Nelson v. Russell, 135 N.
Y. 137, 31 N. E. 1008; Davidson v. Jones, 112 App. Div. 254, 98
N. Y. Supp. 265. There is nothing in the context of this will which
enlarges the meaning of the words quoted, and they did not effect a
postponement of the vesting of the remainder until the death of the
life tenants. Not only this, but the law favors such a construction
of a will as will avoid disinheritance of remaindermen who may
happen to die before the termination of the precedent estate. Connelly
v. O'Brien, supra; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812;
Goodwin v. Coddington, 154 N. Y. 283, 48 N. E. 729; Matter of
Brown, 154 N. Y. 313, 48 N. E. 537.

The reason for this rule is said (Matter of Russell, 168 N. Y. 169,
61 N. E. 166) "to be that all property which is the subject of any dis-
position, whether testamentary or otherwise, will belong to the object
of the gift immediately on the instrument taking effect, or so soon
afterwards as the object comes into existence, or the terms thereof will
permit. Jarman on Wills, c. 25, p. 756. The absolute ownership of the
subject of the gift, which includes the power of disposition, will vest
immediately in the donee unless the instrument provides otherwise."
See, also, Matter of Wiley, 188 N. Y. 579, 80 N. E. 944. Applying
this rule to the construction of the will under consideration, I do not
see how a conclusion can be reached other than that the devise was,
upon the termination of the trust estate, to the testator's three children
—not as a class, but to them distributively as tenants in common.
When a devise or bequest is made direct to children, in the absence
of clear language indicating a gift to them as a body or class, "it
should be held that they take individually as tenants in common, and
that their interest does not depend upon survivorship." Matter of
Russell, supra; Savage v. Burnham, 17 N. Y. 561; Delafield v. Ship-
man, 103 N. Y. 463, 9 N. E. 184; Matter of Seebeck, 140 N. Y. 241,

35 N. E. 429; Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529.

My conclusion, therefore, is that, upon the death of the testator, each of his three children took a vested estate in remainder, subject only to the termination of the trust estate created in the will; that the share of the son James passed, upon his death, to his two sisters; that the interest which the daughter Julia thus acquired from her brother, as well as that which she took under the will, on her death descended to her son, and, upon his death, to the plaintiff, who is now the owner of an equal undivided one-half part of the real estate described in the complaint, and as such entitled to maintain this action.

If the foregoing views be correct, it follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to appellant to abide event.

INGRAHAM and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). It seems to me that the testator used language which compels the interpretation of his will as giving the remainder of his property only to such children, or to such of their issue, as should survive the longest liver of the two persons by whose lives the life estates were measured.

The will discloses three distinct parts: First. His household effects and enumerated articles were to be divided immediately on his death by his executors, in kind, amongst his intended wife and children. Second. The executor was to hold in trust all the remainder of his property until his wife and his youngest daughter Mary should both die, and meanwhile pay the income to his wife and children equally, if she did not remarry, and, if any child should die leaving children, the income which the parent would take was to go to such issue. Third. On the death of the survivor of these two persons by whose lives the life estate was measured, he gave and bequeathed his property to his children, the children of any deceased child to take the share of the deceased parent. The executor was given power to sell only on the death of the two persons by which the life estates were measured. The language used is:

"With power to sell and dispose of the same at public or private sale on the death of my daughter Mary and of my intended wife, or of the survivor of them, and in the meantime to divide the income," etc.

The deaths which the testator speaks of manifestly refer to those after his own decease. Having divided what may be termed his personal effects, and having created a trust measured by the longest life of his wife or his daughter Mary, and prohibited the disposition of the property meanwhile, he comes to the final disposition of the remainder; and says:

"On the death of the survivor of my said intended wife and my said daughter Mary, I give, devise and bequeath my said property, real and personal, to my children, including the issue of my said intended marriage, share and share alike, the children of any deceased child to take the share of the deceased parent."

It can hardly be said that the words "on the death" refer alone to time of distribution and enjoyment, especially in view of the fact that the testator shows by his language that he had in mind the death of some of his children after his own decease and before the termination of the life estates which he had created. Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334, is quite controlling upon the construction that should be put upon the present will. It is seldom that we find language in two wills so nearly alike. It must be admitted that the intention on the part of the testator to give the remainder of his estate only to such devisees and legatees as should ultimately survive the life estates is quite as strong in the present will as it was in that under consideration in that case. There a trust for life in lands was carved out, and, on the death of the life tenant, the remainder was given to certain named persons share and share alike, with a provision that the issue of such as might die should take the share of the parent. While the words "upon his death" (that of the life tenant) were not held to be controlling as to the intention of the testator, yet great stress was laid upon their use as showing an intention on his part that only such as might survive the life tenant should ultimately take.

It is true that this construction of the present will disinherits the testator's daughter Mary, for in no event could she take an absolute vested title, because, if she died before the widow, she had nothing but her life estate, and, if she survived the widow, the trust continued until her death. Her issue would take, however, had she left any. It seems to me this is what the testator intended. The dominant idea of the will appears to be to create life estates for the longest period which the law would permit, and, upon the termination of such life estates, to give the remainder of his property to such of testator's children and such issue of deceased children as should then be alive. The construction contended for by the plaintiff is precisely what the testator desired to avoid. The plaintiff's interest depends upon his wife having taken a vested absolute title which descended to her child, and, upon his death before the termination of the life estate, descended to his father, this plaintiff. The mere birth of issue which died before the life estates ended did not fulfill the condition. Such issue must have survived. In my view the plaintiff's wife took no interest which could descend to her issue failing to survive the termination of the life estates, and therefore this plaintiff took nothing by descent from such child.

I think the judgment was right, and should be affirmed.

CLARKE, J., concurs.