(152 App. Div. 745.)

### STAPLES et al. v. MEAD et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1912.)

1. WILLS (§§ 461, 523, 554, 627, 634*)—CONSTRUCTION—VESTED REMAINDER—"ISSUE"—"AND."

    A will of one who died survived by a widow and one daughter, to whom 11 children were born, gave one-third of a residue of the estate in trust for the widow's life, one-third in trust for the daughter's life,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and one-third in trust for the support of the grandchildren, and provided that at the widow's death the trust income should be divided between the daughter and the grandchildren, and that at the daughter's death the estate should "then" go to the grandchildren "and to the issue" of any grandchild who might have died leaving issue, per stirpes, share and share alike. The widow predeceased a grandchild, who died without issue, but leaving a will, and the daughter still lives. *Held*, that the deceased grandchild took a vested remainder in one-eleventh of the estate, and not jointly with the other grandchildren, nor as a member of a class; the gift to the "issue" of grandchildren being substitutional, and not original, "and" in the quoted phrase being subject to construction as meaning "or," if necessary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 980, 1115, 1198, 1452–1459, 1488–1510; Dec. Dig. §§ 461, 523, 554, 627, 634.*

For other definitions, see Words and Phrases, vol. 4, pp. 3782–3792; vol. 8, p. 7693; vol. 1, pp. 385–394; vol. 8, p. 7575.]

2. WILLS (§ 634*)—CONSTRUCTION—"UPON," "THEN," "FROM AND AFTER," ETC.
     Adverbs of time, such as "upon," "then," "from and after," etc., in the devise or bequest of a remainder limited upon a life estate, are construed to relate merely to the time of enjoyment of the estate, and not to the time of its vesting in interest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*

For other definitions, see Words and Phrases, vol. 6, pp. 4960–4966; vol. 8, p. 7737; vol. 8, pp. 6941–6946, 7815; vol. 4, pp. 2986, 2987.]

3. TRUSTS (§ 280*)—DISPOSITION OF INCOME.
     Under Real Property Law (Consol. Laws 1909, c. 50) § 63, the rents and profits arising on the share of a testamentary trust beneficiary after his death belong to the persons presumptively entitled to the next eventual estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 400; Dec. Dig. § 280.*]

4. TRUSTS (§ 331*)—TESTAMENTARY TRUSTEES—SETTLEMENT OF ACCOUNTS.
     Under Code Civ. Proc. §§ 2742, 2813, which prescribe the effect of judicial settlements of the accounts of executors, testamentary trustees, etc., a settlement of trustees' accounts is conclusive on all payments covered by it, but is not binding on income, etc., which accrued since that time.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 494; Dec. Dig. § 331.*]

Appeal from Special Term, Kings County.

Action by Frank T. Staples and another, as ancillary executors of John S. Mead, against Sarah Frances Mead and another, executrices and trustees under the will of John J. Studwell. From a portion of an interlocutory judgment, plaintiffs appeal, and from the whole, defendants appeal. Modified and affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

David F. Manning, of Brooklyn, for appellants Mead.
Richard T. Greene, of New York City, for appellants Smith et al.
R. M. Cahoone, of Brooklyn, for appellant Cahoone.
Walter Gordon Merritt, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. [1] This case turns upon the interpretation to be given to the will of John J. Studwell, deceased, especially the fifth clause thereof, which reads as follows:

"Fifth. I give, devise and bequeath unto my executors, all the rest, residue and remainder of my estate both real and personal to have and to hold the same in trust for the following uses and purposes: To collect the rents, issues, profits and income arising from my estate during the life of my wife Elizabeth L. Studwell and pay over the same in quarter yearly payments as follows: One-third to my wife for her use, support and maintenance; one-third to my said daughter for her use, support and maintenance and one-third unto my grandchildren living at my death and to the issue of any grandchild who may have died leaving issue, share and share alike, for their use, support, maintenance and education, and upon the death of my said wife I direct my executors to collect said rents, issues, profits and income during the life of my daughter Sarah Frances Mead and pay over the same in quarter yearly payments as follows: One-half thereof to my said daughter for her use, support and maintenance and the remaining one-half unto my grandchildren living at my death and to the issue of any grandchildren who may have died leaving issue, share and share alike, for their use, support, maintenance and education, and upon the death of my said daughter I then give, devise and bequeath my entire estate unto my grandchildren and to the issue of any grandchild who may have died leaving issue equally per stirpes and not per capita, share and share alike."

The testator died a resident of this state in 1884, survived by his widow and a daughter, Sarah Frances Mead, their only child, and by 11 grandchildren, issue of her marriage with George W. Mead. The widow died in 1892, and one of the grandchildren, John S. Mead, in 1897, leaving a will, but no issue. The testator's daughter is still living. About 90 per cent. of the estate, amounting to more than $1,000,000, is personal property. The trustees of the Studwell will have, since the death of John S. Mead, or the end of the then current quarter, paid the net income to the surviving donees, and settled their accounts, as such trustees, in the Surrogate's Court, on the appearance of the parties in interest, including the plaintiffs herein, up to the 15th day of April, 1909, and wherein such payments were allowed without objection.

The plaintiffs claim that John S. Mead took a vested remainder in one-eleventh of the Studwell estate, subject to the trust estate, and contingent only upon his death without issue; that upon his death without issue his estate remained vested and passed under his will; and that they are not precluded by the judicial settlement from recovering from subsequent income in the hands of the trustees the amount which accrued upon his share after his death, and was paid by them to the surviving donees.

The defendants claim, on the other hand, that the interest of John S. ceased upon his death pending his mother's life estate, or passed to the surviving donees, and that, in any event, the plaintiffs are precluded by the judicial settlement from recovering any income upon his share.

The trial court held that John S. took a vested remainder, but that, upon his death prior to the death of his mother, any right which he had in the income ceased; that subsequent income upon his share was undisposed of by his grandfather's will, and went, one-eleventh to

the plaintiffs, and the remainder to the other grandchildren; and that the judicial settlement is a bar to a recovery by the plaintiffs of any income which accrued from the death of John S. up to the time of the settlement. Both sides appealed.

The ruling of the trial court that John S. Mead, as well as each of the other grandchildren, took a vested remainder in one-eleventh of the Studwell estate, is entirely correct. Real Property Law (Consol. Laws 1909, c. 50) §§ 35, 37, 40; Hennessy v. Patterson, 85 N. Y. 91, 104; Matter of Tompkins, 154 N. Y. 634, 644, 49 N. E. 135; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Stringer v. Young, 191 N. Y. 157, 83 N. E. 690; Davidson v. Jones, 112 App. Div. 254, 98 N. Y. Supp. 265; Runyon v. Grubb, 119 App. Div. 17, 103 N. Y. Supp. 949; Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108; Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389. It is true that the death of John S. before his mother, leaving issue, was a contingency upon which his estate might have been divested, and vested in his issue; but this was not an event upon which the vesting in him depended. Doscher v. Wyckoff, 132 App. Div. 139, 142, 116 N. Y. Supp. 389. "It was not a gift limited to take effect upon an uncertain event; it was a gift, which the uncertain event might chance to defeat." Stringer v. Young, 191 N. Y. 157, 162, 83 N. E. 690, 692. The event in this case, the death of the donee leaving issue, did not happen, and his gift was not defeated, but remained vested.

It is claimed that the language of the testator, "and upon the death of my said daughter I *then* give, devise and bequeath my entire estate unto my grandchildren," shows an intention to postpone the vesting of the remainders. But such is not the effect of that language. Mitchell v. Knapp, 54 Hun, 500, 8 N. Y. Supp. 40; Sage v. Wheeler, 3 App. Div. 38, 37 N. Y. Supp. 1107; Roome v. Phillips, 24 N. Y. 463; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

[2] Adverbs of time, such as "upon," "then," "from and after," etc., in the devise or bequest of a remainder limited upon a life estate, are construed to relate merely to the time of enjoyment of the estate, and not to the time of its vesting in interest. Ackerman v. Ackerman, 63 App. Div. 370, 372, 71 N. Y. Supp. 780; Trowbridge v. Coss, supra; Hersee v. Simpson, 154 N. Y. 496, 500, 48 N. E. 890; Connelly v. O'Brien, 166 N. Y. 406, 408, 60 N. E. 20. The words, "and to the *issue* of any grandchild who may have died leaving issue," do not prevent the vesting of the remainder in the grandchildren. Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067; Matter of Brown, 154 N. Y. 313, 48 N. E. 537; Matter of Tompkins, 154 N. Y. 634, 49 N. E. 135; Stringer v. Young, supra; Matter of Moloughney, 67 App. Div. 148, 73 N. Y. Supp. 598; Davidson v. Jones, 112 App. Div. 254, 98 N. Y. Supp. 265; Doscher v. Wyckoff, supra.

The gift to the *issue* is clearly not original, but substitutional; it is primarily directly *"unto my grandchildren,* and to the issue of any grandchild who may have died leaving issue." This lan-

guage makes the gift to the issue substitutional. Acken v. Osborn, 45 N. J. Eq. 377, 17 Atl. 767; Wescott v. Higgins, 42 App. Div. 69, 58 N. Y. Supp. 938; Matter of Moloughney, supra; Jones v. Hand, 78 App. Div. 56, 79 N. Y. Supp. 556; Davidson v. Jones, supra; Bowditch v. Ayrault, supra.

The word "and" in the phrase "and to the issue," etc., quoted above, is used in a substitutional or alternative sense, and, if necessary, should be construed to mean "or." Roome v. Phillips, 24 N. Y. 463, 469; Roe et al. v. Vingut, 117 N. Y. 204, 216, 22 N. E. 933.

The contention that the grandchildren took jointly cannot be maintained. The statute provides that:

"Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy." Real Prop. Law, § 66.

And the courts have steadily refused to infer a joint tenancy, in the absence of words expressly intended to declare it. Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Matter of Russell, 168 N. Y. 169, 61 N. E. 166; Matter of Conger, 81 App. Div. 493, 80 N. Y. Supp. 933. There is no express declaration of a joint tenancy in this will, nor any words expressly intended to declare it. Not only so, the language used is such as has always been held to create a tenancy in common. Stevenson v. Lesley, 70 N. Y. 512, 516; Bisson v. W. S. R. R. Co., 143 N. Y. 125, 130, 38 N. E. 104; Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334; Langley v. Westchester Trust Co., 180 N. Y. 326, 73 N. E. 44. "'When an equality or inequality of shares is prescribed in express words, the language was always held to create' the relation of tenants in common." Moffett v. Elmendorf, 152 N. Y. 475, 484, 46 N. E. 845, 847 (57 Am. St. Rep. 529).

Neither is this a gift to a class, namely, "a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number." Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 97, 69 N. E. 283, 286 (67 L. R. A. 146). "A bequest is not a gift to a class where, at the time of making it, the number of the donees is certain, and the share each is to receive is also certain, and in no way dependent for its amount upon the members who shall survive." Id.

The time of the gift here was the death of the testator; and it was to his grandchildren, share and share alike. There were 11 of these, all living at that time. There was, therefore, no uncertainty as to either the number of donees or the share each was to receive.

The gift to the issue of any grandchild, who may have died leaving issue, is not inconsistent with an intention to make the gift to the grandchildren distributively, and as tenants in common, nor

does it tend to prove that the gift was to a class collectively. Matter of Russell, 168 N. Y. 169, 178, 61 N. E. 166.

[3] The rents and profits arising upon the share of John S. Mead, after his death, belong to the persons presumptively entitled to the next eventual estate. Real Prop. Law, § 63. That is to say, they belong to his estate and to the persons entitled thereto under his will. Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; Matter of Brown, supra; Matter of Tompkins, supra; Matter of Harteau, 125 App. Div. 710, 110 N. Y. Supp. 59; Gould v. Rutherford, 79 Hun, 280, 29 N. Y. Supp. 362.

It follows that the learned trial court erred in holding that only one eleventh of one twenty-second part of the income belongs to the plaintiffs. The whole of the income upon the share of John S. Mead, or one twenty-second part of the entire income, belongs to them, except such as was otherwise disposed of by the judicial settlement.

[4] It appears that the accounts of the trustees under the will were judicially settled in the Surrogate's Court on the 18th day of May, 1909, up to the 15th day of April of that year. This settlement, to which the plaintiffs herein were parties, is conclusive upon all payments covered by it, and precludes the recovery of the same, or any part thereof, in this action. Such settlement, however, is not binding upon any rents, issues, profits, or income which have accrued since that time. Code Civ. Proc. §§ 2742, 2813; Rudd v. Cornell, 171 N. Y. 115, 63 N. E. 823; Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126; Powditch v. Ayrault, supra; Kirk v. McCann, 117 App. Div. 56, 101 N. Y. Supp. 1093; Matter of Elting, 93 App. Div. 516, 87 N. Y. Supp. 833; Matter of Haight, 51 App. Div. 310, 64 N. Y. Supp. 1029.

The interlocutory judgment appealed from must be modified, in accordance with the views expressed herein, and, as modified, affirmed, with costs of this appeal payable to the plaintiffs out of the estate. All concur.