(63 Misc. Rep. 448.)

SEELY et al. v. FLETCHER et al.

(Supreme Court, Special Term, New York County. May 18, 1909.)

1. **TRUSTS (§ 147\*)—RIGHTS OF BENEFICIARY—TRANSFER OF INCOME.**

Under Personal Property Law (Laws 1897, p. 508, c. 417) § 3, prohibiting the transfer of a beneficiary's right to enforce performance of a trust to receive the income of personalty and apply it to the use of any person, and Real Property Law (Laws 1896, p. 572, c. 547) § 83, containing a similar prohibition as to trusts to receive rents, etc., of realty and apply it to another's use, a beneficiary could not execute a power of attorney to enable his creditor to collect the income from the trust estate in order to discharge the debt of the beneficiary.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 192; Dec. Dig. § 147.\*]

2. **TRUSTS (§ 270\*)—DUTY OF TRUSTEE—PROTECTION OF TRUST ESTATE.**

It was the duty, as well as the right, of a trustee to protect the trust estate from an attempted alienation of the income therefrom, which was prohibited by statute.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 270.\*]

Action by Henry M. Seely and others against Austin B. Fletcher, as trustee under the will of Conrad Braker, Jr., and others. Defendant Fletcher demurs to the complaint. Demurrer sustained, with leave to amend.

William H. Sage, for plaintiffs.
William P. S. Melvin, for defendant Fletcher.

GIEGERICH, J. The defendant Fletcher, as trustee, demurs to the complaint on the ground that as against him it does not state facts sufficient to constitute a cause of action. The complaint shows the creation of certain trusts, of which the demurring defendant is trustee, for the payment of income to the defendant Conrad M. Braker; the execution of a power of attorney by the said Braker to the plaintiff Sage to collect this income; the later execution of an agreement between the plaintiff and all the defendants except Fletcher, by which the plaintiff undertook to raise a certain fund for the relief of the said Braker from pressing financial obligations, which fund was to be deposited with the plaintiff Sage, as trustee under the agreement, and was to be repaid, together with a further sum for the services of Sage,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

out of income to accrue and to be collected under the power of attorney before mentioned; that this agreement declared the existing power of attorney to be coupled with an interest and irrevocable; that the fund agreed upon was raised and was expended for the benefit of the defendant Conrad M. Braker, and that thereafter the said Braker gave notice of the revocation of the power of attorney, and the defendant Fletcher, as his trustee, refuses to pay over any further income under it. The other defendants have contingent interests in the trust funds of which the defendant Fletcher is trustee, and their connection with the case need not be further noticed. Judgment is demanded that the power of attorney given to Sage be declared irrevocable; that the defendant Fletcher, as trustee, be directed to pay the income of the trust funds to Sage and restrained from paying it to any one else, and for such other and further relief as may be just.

Doubtless upon the execution of the agreement under which the plaintiffs were to raise the fund, and under which it was to be repaid out of income, the power of attorney to collect the income would have become coupled with an interest, and irrevocable, if the subject of the agreement, the trust income, had itself been of such a character that the beneficiary could transfer to any one an interest therein. By the very nature of the trust, however, such a transfer was impossible. To permit it by indirection would furnish an easy method by which the purpose of every trust could be defeated. Indeed, the statutes seem to have anticipated and to have expressly prohibited such a method as was here attempted, viz., the transference to some one other than the beneficiary of the right to enforce the performance of the trust. Section 3 of the personal property law (Laws 1897, p. 508, c. 417) contains the following:

"The right of the beneficiary to enforce the performance of a trust to receive the income of personal property and to apply it to the use of any person cannot be transferred by assignment or otherwise. * * *"

While Real Property Law (Laws 1896, p. 572, c. 547) § 83, contains the following similar provision:

"The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person cannot be transferred by assignment or otherwise, but the right and interest of the beneficiary of any other trust may be transferred."

It was the duty as well as the right of the trustee to take the objection raised by his demurrer and to protect the interests confided to him against an attempted alienation prohibited by the law. Stringer v. Young, 191 N. Y. 157, 83 N. E. 690.

Demurrer sustained, with costs, with the usual leave to amend upon payment of such costs within 20 days after service of a copy of the interlocutory judgment.