■ In the Matter of the Estate of GEORGE L. BOURNE, Deceased. FRANCES B. CLARKE, Appellant; WILLIAM H. BOURNE et al., as Trustees under the Will of GEORGE L. BOURNE, Deceased, et al., Respondents.— Decree of the Surrogate's Court, Westchester County, dated August 29, 1967, modified, on the law and the facts, (1) by striking therefrom subdivisions 2, 3, 6, 7 and 8 of the seventh decretal paragraph and substituting therefor a provision directing that the invalid gifts over, into the residuary trust created by item TENTH of the testator's will, of the remainders of the trusts created by items FOURTH, FIFTH, SIXTH and SEVENTH of the will be distributed as in intestacy and (2) by striking therefrom the ninth decretal paragraph and substituting therefor a provision directing distribution of the principal of the terminated item SIXTH trust as in intestacy. As so modified, decree affirmed insofar as appealed from, with costs to all parties filing separate briefs, except petitioners-respondents, payable out of the estate; and the proceeding is remitted to the Surrogate's Court, Westchester County, for settlement and entry of an amended decree in accordance herewith. Findings of fact inconsistent herewith are reversed and new findings of fact are made as indicated herein. In this proceeding for a judicial settlement of accounts of the trustees under the testator's will and for construction of the will, a beneficiary of the residuary trust appeals from so much of the Surrogate's decree as directed that the principal of certain testamentary trusts is to be distributed partly as if it had vested and partly as in intestacy. Under item TENTH of the will, the testator provided for the creation of a residuary trust, to be divided into five equal shares, three of which were to be for the income benefit of his son, William H. Bourne, and the other two were to be one each for the income benefit of his daughters, appellant and the deceased Kay Bourne King, for life, subject to the following distribution of principal: upon each child's attaining the age of 40 years, one quarter of the principal of the share then held for him or her in that trust is to be paid

to him or her and, upon each child's attaining the age of 50 years, one-third of his or her remaining three quarters of such principal is to be paid to him or her, for a total of one half of his or her share of the trust principal. Under items FOURTH, FIFTH, SIXTH and SEVENTH of the will, respective testamentary trusts for the testator's four brothers were created, the incomes of which were directed to be paid to them during their lives, respectively, and, upon their deaths, to their wives during their lives, respectively. Portions of the remainders of three of these trusts were directed to be paid to the unnamed surviving children of the brothers (stepchildren of one brother) and the balance of these three remainders plus the remainder of the fourth of these trusts were directed to be paid into the residuary trust. Only the trust under item SIXTH has terminated and present distribution concerns only the principal of that trust. As to the gifts over of these trust remainders, the Surrogate held that they violate the rule against perpetuities, since the remainders were directed to be distributed among a class which cannot be ascertained before the expiration of three lives. However, in distributing the remainder of the item SIXTH trust, he decreed, under principles of judicial salvage, that the principal of that trust vested as if it had passed into the residuary trust and was there when William Bourne attained the age of 50 years and appellant attained the age of 40 years. He accordingly ordered distribution of principal out of the residuary trust as follows: to William, one half of his three-fifths share, or six twentieths; to appellant, one quarter of her one-fifth share, or one twentieth; and to Barbara Sipple, Kay's lineal descendant, the entire one-fifth share, or four twentieths. The remaining nine twentieths of the trust corpus was distributed in equal shares to these parties as in intestacy. In sum, there was an outright distribution of the entire trust corpus rather than a continuation in trust of one half of the principal as intended by the testator. William received a total of nine twentieths; appellant received four twentieths; and Barbara received seven twentieths. A future interest is contingent while the person to whom, or the event on which it is limited to take effect, remains uncertain (Real Property Law, § 40, which is equally applicable to personal property [*Stringer* v. *Young*, 191 N. Y. 157]). Here, at the testator's death there were only persons in existence whose rights to the remainder of the item SIXTH trust (and the other testamentary trusts as well) were subject to their surviving the running of the intermediate estates. It is well established that where a future estate is contingent the remainder cannot be accelerated (*Matter of Mott*, 111 N. Y. S. 2d 500). New York does not recognize the "wait and see" doctrine by which vesting is judged at the time distribution is to be made rather than at testator's death (*Matter of Roe*, 281 N. Y. 541). The distribution made by the Surrogate incorrectly accelerated remainders which had not vested. Neither did the distribution reflect the testator's intention, since there was a total distribution rather than partial distribution and partial retention in trust. In our opinion the remainders over to the residuary trust were invalid and, inasmuch as they did not vest, the corpus of each of the trusts in question should be distributed to the interested parties as in intestacy. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.